MARY A. RIGGIN *et al.*

*v.*

JAMES LOVE *et al.*

1. DEED—*of the habendum clause.* The *habendum* clause in a deed can not perform the office of divesting the estate already vested by the deed, and is void if it is repugnant to the estate granted.

2. But where no estate is mentioned in the granting clause, then the *habendum* becomes efficient to declare the intention, and it will rebut any implication which would otherwise arise from the omission in this respect in the preceding clause.

3. Where the granting clause in a deed merely describes the property, and does not define the nature or character of the estate granted, and is not followed by language assuming to supply what is thus omitted, it results, by legal implication under the statute relating to Conveyances, that the estate conveyed is a fee; but where the *habendum* describes what estate is conveyed, it does not contradict the language of the granting clause, but simply supplies what is omitted therefrom, and removes all necessity for resorting to implication to ascertain the intention of the parties.

4. SAME—*what character of estate passes.* A deed whereby certain land is granted to one without defining the estate, but in the *habendum* clause the estate is limited to her during her natural life; with a remainder to her husband, naming him, and in case of his death before the death of his wife, then to his heirs at law, creates a life estate in the wife, with remainder in the husband in fee simple absolute.

5. TENANCY BY THE ENTIRETY—*arises only when deed is to husband and wife jointly.* Where land is conveyed to a wife for life with remainder to her husband, and, in case of his not surviving her, to his heirs, the wife can

not, on the husband's death, take the whole by right of survivorship, as in the cases of *Mariner* v. *Saunders*, 5 Gilm. 124, *Lux* v. *Hoff*, 47 Ill. 425, and *Strawn* v. *Strawn*, 50 Ill. 33, for the reason that those cases only apply where the fee has vested in the husband and wife jointly.

APPEAL from the Circuit Court of Madison county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Messrs. GILLESPIE & HAPPY, for the appellants.

Messrs. IRWIN & KROME, for the appellees.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

There is but a single question presented by this record for our consideration, and it arises upon the construction to be given to the following language in the deed to the property in controversy:

" This indenture, made, etc.,     *     *     *     between Erastus Wheeler and Julia A. Wheeler, his wife, of, etc.,     *     *     * of the first part, and Eliza McGilton, of, etc.,     *     *     *     of the second part, witnesseth: That the said parties of the first part, for and in consideration of, etc.,     *     *     *     have granted, bargained, sold and conveyed, and by these presents do grant, bargain, sell and convey, unto the said party of the second part, the following described real estate, to-wit:     * *     *     together with all and singular the privileges and appurtenances to said land in anywise appertaining and belonging. To have and to hold the said above granted premises to the said Eliza McGilton during her natural life, and at her death the same is, by these presents, conveyed and confirmed absolutely unto her husband, Andrew McGilton, of, etc.,     *     *     * and in case of the death of him, the said husband, Andrew McGilton, before that of her, the said Eliza McGilton, then, by these presents, the said aforedescribed real estate is conveyed and confirmed absolutely unto the heirs-at-law of him, the said Andrew McGilton, subject only to the lawful claims of her, the said Eliza McGilton, as aforesaid."

Andrew McGilton died intestate in the lifetime of his wife, Eliza, leaving no child or children, or descendants of child or children, surviving him.   Eliza was subsequently married, and, at the time of her death, being intestate, left surviving her, as her only child and heir-at-law, the appellant, Mary A. Riggin, to whom descended whatever of inheritable interest she had in the property in controversy.

Appellees insist that interest is the undivided one-half of the property in controversy, and so the court below held.   Appellants, on the contrary, insist, that the deed vested a fee simple estate in the property in Eliza McGilton, and that Mrs. Riggin, consequently, is entitled to the whole of it.   They argue, that the granting clause in the deed conveys the estate to Eliza McGilton without any limitation or qualification; that this, under the statute relating to Conveyances, is sufficient to convey the fee, although words which, at common law, were necessary for that purpose are omitted; and that, consequently, the words in the *habendum* clause are *repugnant* to the grant, and void.

We concede that the *habendum* can not perform the office of divesting the estate already vested by the deed, and that it is void if it be repugnant to the estate granted.   But where no estate is mentioned in the granting clause, then the *habendum* becomes efficient to declare the intention, and it will rebut any implication which would otherwise arise from the omission in this respect in the granting clause.   4 Kent's Com. (8th ed.) 524; 2 Washb. on Real Estate, (2d ed.) 689.   The statute to which reference is made, excepts, by its terms, cases in which a less estate than a fee is limited, by express words, and since it does not enjoin that this limitation shall only appear in the granting clause, it is, obviously, unimportant to the present question.

The granting clause in this deed merely describes the property conveyed, and does not pretend to define the nature or character of the estate granted.   If it were followed by no language assuming to supply what is thus omitted, it would result, by legal implication, under the statute relating to Conveyances,

that the estate conveyed was a fee; but the *habendum* follows, for the express purpose of describing what estate in the property is conveyed. It does not contradict the language of the granting clause, but simply supplies what is omitted therefrom, and removes all necessity for resorting to implication to ascertain the intention of the parties. A construction which requires us to reject an entire clause of a deed is not to be admitted, except from unavoidable necessity; but the intention of the parties, as manifested by the language employed in the deed, should, so far as practicable, be carried into effect. *City of Alton* v. *Ill. Trans. Co.* 12 Ill. 56; *Pool* v. *Blakie,* 53 id. 500.

But it is further argued, that upon the theory that Eliza McGilton only took a life estate, there is no place where the fee could vest, and, therefore, it must have vested in her. This proceeds upon the assumption that the words "heirs at law of him, the said Andrew McGilton," are words of purchase and not of limitation, which is incorrect. Had Andrew McGilton been the owner of the fee, and died intestate, the property would have descended precisely as described by these words, or if the property had been conveyed to him for life, with remainder over, as thus described, he would have taken, according to the rule in *Shelly's case,* a fee simple. *Baker et al.* v. *Scott,* 62 Ill. 86. It is, therefore, manifest, that they neither modified nor enlarged the preceding words investing title in Andrew McGilton. He could have no present estate in the property so long as his wife's life estate continued, and, dying intestate before her, invested with the remainder in fee simple, it would necessarily descend to his heirs at law, just as well without as with the use of these words in the deed.

The further position contended for by appellants, that Eliza McGilton having survived her husband, took the whole by right of survivorship, on the principle of *Mariner* v. *Saunders,* 5 Gilm. 124, *Lux* v. *Hoff,* 47 Ill. 425, and *Strawn* v. *Strawn,* 50 id. 33, is not tenable, for the reason that those cases only apply where the fee is conveyed to the husband and wife, jointly.

We are of opinion that the deed conveyed a life estate to Eliza McGilton, with remainder over to her husband, Andrew McGilton, in fee simple absolute, and that there was, therefore, no error in the ruling of the court below.

The decree is affirmed.

*Decree affirmed.*