SUSAN WELCH

v.

FRANK WELCH et al.

*Opinion filed December 18, 1899.*

DEEDS—*when limitation in habendum clause is not repugnant to estate granted.* A limitation in the *habendum* clause which restricts the estate to one for life without power of alienation is not repugnant to the granting clause, which merely describes the property but does not attempt to define the nature of the estate granted, although it uses the words "convey and warrant." (*Riggin* v. *Love*, 72 Ill. 553, followed.)

APPEAL from the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding.

TIPTON & TIPTON, for appellant.

JOHN A. FULWILER, for appellees.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This is a bill in chancery filed by appellant, Susan Welch, (formerly Susan Brown,) in the circuit court of McLean county, against her children, Frank Welch and Jerome Welch, to construe and determine the legal effect of a certain deed made to appellant. The deed, dated October 5, 1881, was by the father to her before her marriage. The consideration is stated to be $12,000, the granting clause being, "convey and warrant," followed by a description of the land, three hundred and twenty acres, with the *habendum:* "To have and to hold to the said Susan Brown for and during the term of her natural life, but without power to sell, alienate, mortgage or in any way become liable for her debts, with remainder to the heirs of her body and their assigns forever." The complainant by her bill claimed that the conveyance was to her in fee. Defendants' demurrer to the bill was sustained by the court and it was dismissed at complainant's costs, and she appeals.

Complainant's contention is, that by the words "convey and warrant" an estate in fee simple is conveyed to her, and that the attempted limitation of her estate by the *habendum* clause is void, as being repugnant to the estate thereinbefore conveyed, and she asks that that portion of the deed be expunged and removed as a cloud upon her title.

The deed comes clearly within the rule enunciated in the case of *Riggin* v. *Love*, 72 Ill. 553, where we said: "We concede that the *habendum* cannot perform the office of divesting the estate already vested by the deed, and that it is void if it be repugnant to the estate granted. But where no estate is mentioned in the granting clause then the *habendum* becomes efficient to declare the intention, and it will rebut any implication which would otherwise arise from the omission in this respect in the granting clause. The statute to which reference is made, excepts, by its terms, cases in which a less estate than a fee is limited, by express words, and since it does not enjoin that this limitation shall only appear in the granting clause, it is, obviously, unimportant to the present question. The granting clause in this deed" (which is the same in the deed here in question) "merely describes the property conveyed, and does not pretend to define the nature or character of the estate granted. If it were followed by no language assuming to supply what is thus omitted, it would result, by legal implication, under the statute relating to conveyances, that the estate conveyed was a fee. But the *habendum* follows, for the express purpose of describing what estate in the property is conveyed. It does not contradict the language of the granting clause, but simply supplies what is omitted therefrom, and removes all necessity for resorting to implication to ascertain the intention of the parties. A construction which requires us to reject an entire clause in a deed is not to be admitted, except from unavoidable necessity; but the intention of the parties, as manifested by the

language employed in the deed, should, so far as practicable, be carried into effect.—*City of Alton* v. *Illinois Transportation Co.* 12 Ill. 38; *Pool* v. *Blakie,* 53 id. 495."

There is no material difference between the case at bar and the case quoted from. It is unnecessary to extend this opinion by a further discussion.

The circuit court committed no error in sustaining the demurrer to the bill, and its decree will be affirmed.

*Decree affirmed.*