# FRANK HEMENWAY, PETITIONER.

Middlesex, January, 1900.

*Deed — Habendum Repugnant to Grant — How far Rejected.*

Title in this case comes under a deed in which the grantor is Thomas Dearing, the consideration is recited as paid by Isaac Woodward and John P. Brown, the grant is to " said Woodward and Brown," without any words of inheritance, and the habendum is to " said Dearing his heirs and assigns." The Examiner is of the opinion that the deed conveyed to Woodward and Brown an estate for their lives only, and cites Palmer Savings Bank *v.* Ins. Co., 166 Mass. 189, 196.

We do not think however that the dictum of Field C. J. in that case covers the present situation. Nor does it seem to us that that dictum was either necessary to the decision, or intended for anything more than a passing notice of the point in the course of a long and elaborate opinion on a wholly irrelative proposition of law. The facts in the Palmer Bank case, however, fully cover the case at bar; a grant without words of inheritance, followed by an habendum to the grantor, instead of the grantee, and " his heirs and assigns." The court says in the Palmer Bank case, " If the habendum be rejected as inconsistent with the grant, then the deed conveyed the property to the grantee for her life." But the question whether the whole habendum must necessarily be rejected was not considered. In Jones on Real Property the proposition is laid down that " so far as an habendum is inconsistent with the declaration in the premises, it must be rejected." Jones, Real Property, Sect. 564.

Words of inheritance in the habendum, where there are none in the granting clause, do not make the habendum inconsistent or repugnant. On the contrary, that is what the habendum is for. Perkins, P. B., 174. Riggin v. Love, 72 Ill. 553.

" The office of the premises in a deed is to state the parties, the description of the property and the grant; that of the habendum, to limit the estate with certainty." Baldwin's Case, 2 Coke Rep. 23, Thomas' Notes.

The only thing inconsistent and repugnant in the deed under consideration, is the obvious error of the scrivener in inserting the grantor's name in the habendum instead of the grantees'. That must be rejected, because it is contrary to the grant. But the habendum shows clearly that what was intended to be granted was a fee, not an estate for the life of the grantees.

The whole instrument is to be so construed without regard to its technical parts as to give effect if possible to the intention of the parties. Bridge v. Wellington, 1 Mass. 219. I think that the deed conveyed an estate in fee.

Decree for Petitioner.