BESSIE COVER

*v.*

CLARK JAMES *et al.*

*Opinion filed October 24, 1905.*

1. DEEDS—*section 9 of the Conveyance act must be construed in connection with section 13.* Section 9 of the Conveyance act, providing that a deed substantially in the form therein prescribed shall be deemed to convey a fee simple estate, must be construed in connection with section 13 of the same act, under which, if a less estate is limited by express words or appears to have been granted by construction or operation of law, a fee simple estate does not pass.

2. SAME—*what not essential to creation of joint tenancy.* It is not essential to the creation of a joint tenancy by deed that the deed use the express words of section 5 of the Conveyance act, declaring the estate to pass "not in tenancy in common but in joint tenancy."

3. SAME—*deed construed as passing joint estate for life with remainder to the survivor.* A deed to the grantor's two children, conveying and warranting to them certain described premises and providing that in case of the death of either of them "the other to have the whole property without litigation," passes a joint tenancy for life to the grantees, with remainder in fee simple to the survivor.

APPEAL from the Circuit Court of Union county; the Hon. WILLIAM N. BUTLER, Judge, presiding.

Appellant, Bessie Cover, a minor, by her legal guardian, filed her bill in the circuit court of Union county against appellees, in which she sought to have canceled, set aside and

declared null and void a certain certificate of purchase from the sheriff of Union county to the appellee Clark James covering certain lands which she claimed to own, and to have the title to the land decreed to be in her.

The bill, as amended, averred that Jehu R. Cover, father of appellant, in his lifetime was the owner in fee of certain lands therein described, and on October 29, 1901, he and his wife, by a warranty deed, conveyed said premises to their children, A. Ford Cover and the appellant, Bessie Cover, the material parts of which deed are as follows:

"This indenture witnesseth: That the grantors, Jehu R. Cover and Josie Cover, his wife, of the city of Anna, in the county of Union and State of Illinois, for and in consideration of the sum of $2400 in hand paid, convey and warrant to A. Ford Cover and Bessie Cover, of the city of Anna, county of Union and State of Illinois, the following described real estate, to-wit, * * * hereby releasing and waiving all rights under and by virtue of the homestead exemption laws of this State. In case of the death of either A. Ford Cover or Bessie Cover, the other to have the whole of said property without litigation."

The bill further averred that the grantors meant and intended by said deed to make said grantees joint tenants, with the right of survivorship, and that the effect of said deed, in law and equity, was to make said grantees joint tenants and to convey a contingent remainder in them to the survivor; that on June 1, 1902, the grantees went into possession of the premises under said deed, and the said Bessie Cover is now in the actual possession thereof and has paid all taxes due thereon; that the said Jehu R. Cover left surviving him, his widow, Josie Cover, and Charles Cover, Jessie Stokes, Dollie Culley, A. Ford Cover and Bessie Cover, his only heirs-at-law; that on July 1, 1904, A. Ford Cover died, leaving as his heirs-at-law Josie Cover, Bessie Cover, Jessie Stokes, Charles Cover and Dollie Culley; that on May 1, 1902, the said Clark James, one of the appellees, obtained a

judgment against Dollie Culley, and caused execution to be levied by the sheriff of Union county upon her alleged interest in the said lands, which were sold on October 24, 1904, to Clark James and a certificate of purchase issued therefor; that the said Jennie Stokes, Charles Cover and Dollie Culley claim some interest in said lands as heirs of A. Ford Cover; that the certificate of purchase is a cloud upon the title of Bessie Cover in said premises, and the claim of the other heirs tends to depreciate the value of said land. The prayer of the bill is that the certificate of purchase be set aside and declared void as against the said Bessie Cover and as a cloud upon her title, and that the same be delivered up and canceled, and that the title of said land be decreed to be in the said Bessie Cover.

The appellee Clark James filed his general and special demurrer to said bill, and the other appellees, Charles Cover, Jessie Stokes and Dollie Culley, filed their cross-bill, alleging that the deed of conveyance to A. Ford Cover and Bessie Cover was not in joint tenancy, but as tenants in common, and that complainants in the cross-bill were the heirs of the said A. Ford Cover, and prayed partition of the premises.

The demurrer to the original bill, as amended, was sustained, and appellant electing to stand by her bill the same was dismissed for want of equity. A motion was then made by appellant to strike the cross-bill from the files, which motion was overruled, and an appeal has been prosecuted to this court.

JAMES LINGLE, and A. NEY SESSIONS, for appellant.

WILLIAM D. LYERLE, and TAYLOR DODD, for appellees.

Mr. JUSTICE WILKIN delivered the opinion of the court:

The decision of the case depends upon the proper construction to be placed on the deed from Jehu R. Cover to A. Ford Cover and Bessie Cover. The contention of coun-

sel for the appellant is, that the deed conveyed the property therein mentioned to the grantees as joint tenants for life, with the remainder to the survivor of them, or conveyed a contingent remainder to the survivor, and therefore all right, title and interest in the said A. Ford Cover ceased upon his death. He died before the levy and the sale under which the appellee James claims, and if appellant's position is correct he took nothing by the purchase, and his certificate of sale should have been set aside; also, if A. Ford Cover took but a life estate nothing descended to his heirs, and the motion of appellant to strike their cross-bill from the files should have been sustained. On the other hand, it is insisted on behalf of the appellees that said deed conveyed to the grantees the estate in fee simple as tenants in common, and therefore the undivided one-half of the same, upon the death of A. Ford Cover, descended to his heirs, and the interest of Dollie Culley, one of such heirs, was subject to levy and sale on the judgment of said Clark James.

Section 13 of chapter 30 of Hurd's Revised Statutes of 1903, page 441, provides that "every estate in lands which shall be granted, conveyed or devised, although other words heretofore necessary to transfer an estate of inheritance be not added, shall be deemed a fee simple estate of inheritance, if a less estate be not limited by express words or do not appear to have been granted, conveyed or devised by construction or operation of law." Here the deed does expressly state that in case of the death of either of the grantees the survivor shall have the whole of the property, thus clearly limiting the estate granted to both jointly for life, with the right of survivorship.

It is insisted, however, by counsel for appellees that this last provision cannot be given effect because it does not appear in the granting clause of the deed, or, as is said, does appear in the *habendum,* and reliance is placed upon the case of *Palmer* v. *Cook,* 159 Ill. 300. In that case a deed somewhat similar to the one now before the court was construed

as conveying the fee simple title to the grantees, and it was held that the expression, "in case either of the grantees dies without an heir her interest to revert to the survivor," was an attempt to mount a fee upon a fee, and was therefore void. The granting clause of that deed was held to convey the fee simple title under the provisions of section 9 of chapter 30, *supra*. If a fee simple title was in fact granted, it is clear that that estate could not be limited or qualified by the subsequent language. Merely because the deed was substantially in the form prescribed by section 9, however, a fee simple title was not necessarily conveyed. That section prescribes the form of the deed, and provides that every deed substantially in that form shall be deemed and held to be a conveyance in fee simple to the grantee, etc.; but it must be construed in connection with section 13, *supra*, under which, if a less estate be limited by express words or appear to have been granted, conveyed or devised by construction or operation of law, the conveyance, not using words heretofore necessary to transfer an estate of inheritance, shall not be deemed to convey a fee simple estate.

In *Riggin* v. *Love*, 72 Ill. 553, a deed from Erastus Wheeler and Julia A. Wheeler, his wife, was executed to Eliza McGilton, the language of which was, "that the said parties of the first part, for and in consideration of, * * * have granted, bargained, sold and conveyed, and by these prsents do grant, bargain, sell and convey, unto the said party of the second part the following described real estate, to-wit, [then follows the description of the property.] To have and to hold the said above granted premises to the said Eliza McGilton during her natural life, and at her death the same is by these presents conveyed and confirmed absolutely unto her husband, Andrew McGilton, of, * * * and in case of the death of him, the said husband, Andrew McGilton, before that of her, the said Eliza McGilton, then by these presents the said aforedescribed real estate is conveyed and confirmed absolutely unto the heirs-at-law of him, the said

Andrew McGilton, subject only to the lawful claims of her, the said Eliza McGilton, as aforesaid." It was there insisted by the appellants that the deed vested a fee simple estate in the property described in the grantee, Eliza McGilton, their contention being, that the granting clause in the deed conveyed the estate to Eliza McGilton without limitation or qualification, which, under the Statute of Conveyance, was sufficient to convey the fee, although words which at common law were necessary for that purpose were not added, and therefore the words in the *habendum* clause were repugnant to the grant, and void. But we held that while the *habendum* clause in the deed could not perform the office of divesting the estate already granted, and would be void if repugnant to that estate, still, where no estate is mentioned in the granting clause the *habendum* becomes effective to declare the intention, and will rebut any implication which would otherwise arise from the omission in this respect in the granting clause, and that the deed, taken as a whole, conveyed but a life estate in Eliza McGilton.

The *Riggin case* was followed in *Welch* v. *Welch,* 183 Ill. 237. There a father had conveyed to his daughter, in consideration of $12,000, certain property. The granting clause used the words "convey and warrant," with the *habendum,* "to have and to hold to the said Susan Brown for and during the term of her natural life, * * * with remainder to the heirs of her body and their assigns, forever." She claimed that the conveyance was to her in fee, but the court sustained a demurrer to her bill and dismissed the same at her costs. She contended, upon appeal to this court, that the words "convey and warrant" passed an estate in fee simple, and that the attempted limitation of her estate by the *habendum* clause was void, as being repugnant to the estate therein before conveyed, and insisted that that portion of the deed should be removed as a cloud upon her title. We held against that contention, citing and quoting at length from the case of *Riggin* v. *Love, supra.*

The contention is, that under this statute a joint tenancy can only be created by express language in a deed that the estate is not to pass in tenancy in common, but in joint tenancy,—in other words, that the deed must use the express language of section 5 of chapter 30 in order to be effective as a conveyance in joint tenancy. It is true that estates in joint tenancy are not favored by our statute as they were at common law, but we do not understand that the strictness insisted upon by counsel has been required. (*Slater* v. *Gruger,* 165 Ill. 329; *Mustain* v. *Gardner,* 203 id. 284.) In our view of the case, however, it is not necessary to hold that a joint tenancy was created by the deed in question in order to give effect to the intention of the grantor. That the position of counsel for appellee and the decision of the court below do violence to his expressed intention must be conceded. In *Mittel* v. *Karl,* 133 Ill. 65, a warranty deed by John Mittel conveyed premises to "Maria Jobst and Michael Jobst, her husband, and 'the survivor of them, in her or his own right.' " In construing that deed, after holding that the words "the survivor of them," etc., could not be ignored, we say (p. 68) : "These words were placed in the deed by the contracting parties for a purpose, and they cannot arbitrarily be rejected. In the construction of written contracts it is the duty of the court to ascertain the intention of the parties, and the intention, when ascertained, must control; but in arriving at the intention, effect must be given to each clause, word or term employed by the party, rejecting none as meaningless or surplusage,"—citing *Lehndorf* v. *Cope,* 122 Ill. 317. And after discussing the question as to whether that deed conveyed an estate in joint tenancy, we further said (p. 70) : "We think the language of the deed, when properly understood, will admit of but one construction, and that is, that the premises were conveyed to Maria and Michael Jobst for life, with a contingent remainder in fee to the survivor. By the language of the grant to 'Michael Jobst and Maria Jobst, and the survivor of them, in his or her own right,' it was doubt-

less intended that the one who should die first should take only a life estate in the premises, with the remainder in fee to the survivor and his heirs." The authorities cited in support of this position, as well as the reasoning of the learned judge who wrote the opinion, fully supported it. It is there further said: "There is no way in which it can be held that Jobst and his wife took the fee as tenants in common without rejecting the clause in the deed providing that the survivor should take the fee, and we are aware of no rule of construction under which that can be done. As is said in *Riggin* v. *Love,* 72 Ill. 553, a construction which requires us to reject an entire clause of the deed is not to be admitted except from unavoidable necessity; but the intention of the parties, as manifested by the language employed in the deed, should, so far as practicable, be carried into effect." So in this case, whether the father understood the difference between the estates in joint tenancy and tenancy in common or not, he manifestly did understand what his desire was,—that is, that the survivor of his children, the grantees, should have the entire estate,—and under the rule announced in *Mittel* v. *Karl* there is no difficulty in giving effect to that intention.

We think the court below was in error in holding that A. Ford Cover and Bessie Cover took the estate as tenants in common and in sustaining the demurrer to the bill of the appellant, Bessie Cover. Under the views here expressed it is clear that the complainants in the cross-bill were entitled to no relief under the same, and whether, technically, the motion to strike it from the files was proper or not, is unimportant.

The decree of the circuit court will be reversed and the cause remanded to that court, with directions to proceed in conformity with the views herein expressed.

*Reversed and remanded.*