Bauman v. Stoller.

Eilert Bauman, Appellee, v. John A. Stoller, Appellant.

Gen. No. 4,948.

1. Evidence—*when admission of incompetent, will not reverse.* The admission of incompetent evidence will not reverse a judgment when rendered by the court in a trial without a jury if the competent evidence supports the finding and judgment.

2. Propositions of law—*when not subject to review.* Propositions of law not set out in the brief and argument, nor discussed therein, will not be considered on review.

3. Conveyances—*when deed passes fee; when not.* When a statutory warranty deed is made without saying "his heirs and assigns," it passes the fee to the grantee if there are no other words in the deed indicating a contrary intention, but if a contrary intention appears in the instrument, then the words "convey and warrant" will not grant the fee to the persons named, but will subject the conveyance to all of the conditions, restrictions and limitations specified in the deed.

4. Vendor and vendee—*when latter not bound to pay purchase price.* A vendor cannot force a vendee to pay the purchase price and receive a defective conveyance.

Assumpsit. Appeal from the Circuit Court of Livingston County; the Hon. George W. Patton, Judge, presiding. Heard in this court at the October term, 1907. Affirmed. Opinion filed March 11, 1908.

Robert Henning and McIlduff & Thompson for appellant.

Thomas Kennedy and A. C. Norton, for appellee.

Mr. Presiding Justice Willis delivered the opinion of the court.

On October 15, 1903, John A. Stoller, appellant, and Eilert Bauman, appellee, entered into articles of agreement whereby in consideration of $18,960 Stoller agreed to convey to Bauman, in fee simple, clear of all encumbrances, by a good and sufficient warranty deed, two 80-acre tracts of land located in Livingston county, subject to two mortgages aggregating $6,550 which Bauman was to assume as a part of the consideration above stated. He paid $1,500 cash in hand, and the balance, $11,210, was to be paid January 1,

1904, on delivery of deed. An abstract showing merchantable title in Stoller at date of delivery was to be delivered for examination October 15, 1903, and the deed was to be delivered January 1, 1904. Bauman was to examine the abstract and raise objections thereto, if any, within ten days from date of said articles. The articles contained a stipulation that the sum of $1,500 be fixed as liquidated damages against the party failing to perform, but that this should not debar either party from requiring specific performance. Time was made of the essence of the contract. Bauman presented objections to the title in ten days. Another contract in writing was made extending the time of performance to January 8, 1904, on which day Bauman tendered the balance of the purchase price due, but refused to accept the deed tendered by Stoller because the abstract did not show a merchantable title. Stoller filed a bill in chancery to compel specific performance of the contract, to which a demurrer was interposed and sustained, with leave to amend. Stoller not availing himself of the leave to amend, the bill was dismissed without prejudice. Bauman then brought this suit in the Circuit Court of Livingston county against Stoller to recover the $1,500 he had paid on the contract, with interest thereon, and the $1,500 specified in the contract as liquidated damages. The declaration contained the common counts and a special count on the contract, to which a demurrer both general and special was interposed and overruled. A stipulation was entered into reciting that a plea of the general issue had been filed, and stipulating that all evidence on behalf of defendant, admissible under any plea properly pleaded, should be admitted under the general issue, and that all evidence admissible under any proper replication should be admitted in like manner. The payment of the $1,500 was not questioned. Before the pleadings were settled or the stipulation in reference thereto made, the court was requested by the attorneys to determine whether the $1,500 stipulated for in the contract should be treated as a penalty or as stipulated damages. The court examined the contract and informed counsel that, in his opinion, the terms of the contract fixed

the $1,500 as stipulated damages which the court would enforce. Neither party excepted to such ruling, but they stipulated that no proof should be offered on the question of damages. The court heard the proofs and found the issues for Bauman, and entered judgment herein for $3,251.81 and costs. Stoller prosecutes this appeal.

It appears from the evidence that appellant obtained his title to the 80 acres described in the articles of agreement as the W. ½ of the S. E. ¼ of section 18, T. 27, N. R. 3, E. 3 P. M., from Frank Doyle, his wife joining, who obtained whatever title thereto he possessed from Lawrence Doyle, his wife joining, which latter deed is in words and figures as follows:

"This indenture witnesseth, tha— the Grantors, Lawrence Doyle and Rose Doyle his wife, of Waldo, in the County of Livingston and State of Illinois, for and in consideration of the sum of Two Thousand Four Hundred Dollars, in hand paid, Convey and Warrant to Frank Doyle of the Town of Waldo, County of Livingston and State of Illinois, the following described real estate, to-wit: The west half of the southeast quarter of section eighteen (18), township No. twenty-seven (27), north of range three (3), east of the third principal meridian. Said Frank Doyle shall not have power to reconvey this land unless it be to the grantors. He shall not have power to mortgage the land and in case the said Frank Doyle should die before his wife dies and any chil— survive him the surviving children and his wife shall have the use of said land above described during the lifetime of his wife, when it shall go to his children if any are living, but if at the death of grantee no children survive him the title shall be in grantor. Should any children survive the grantee and his wife also survive him she shall have no interest in said land only so long as she remains unmarried and is his widow, situated in the County of Livingston in the State of Illinois, hereby releasing and waiving all rights under and by virtue of the Homestead Exemption Laws of this State.

Dated, This Thirteenth day of April, A. D. 1882.

LAWRENCE DOYLE, [SEAL]
ROSE DOYLE, [SEAL]"

The foregoing is the deed to which appellee objected, and on account of which he refused to take the title. Except for the limitations therein, it is a statutory warranty deed. The words "convey and warrant to Frank Doyle," contained in the deed, appellant contends, notwithstanding the limitations appearing in said deed, should be read under the statute to mean to convey and warrant to Frank Doyle, his heirs and assigns, and that these words, notwithstanding the later limitations in the deed, convey to Frank Doyle a fee simple title, and that the restrictions and qualifications in the latter part of the deed are, either an attempt to mount a fee upon a fee or to turn the previously granted fee into a life estate, and that this cannot be done with the first words of grant conveying a fee, and that the rest of the deed is void. If that contention is correct, appellant tendered a good title to appellee and is not liable to refund the money paid on the contract price, or liable for the stipulated damages. If that contention is incorrect, the deed conveyed an interest in the land to the children of Frank Doyle who should survive him.

It appears from the evidence that in 1882, when this deed was made, Frank Doyle had one or two children, and that at. the time of the trial, he had twelve or thirteen, apparently several of them minors. It further appears that Frank Doyle obtained another deed to the same premises from Lawrence Doyle, which stated that it was for the purpose of removing the restriction contained in the deed of 1882, and to give Frank Doyle an absolute title. It is manifest that, if the deed of 1882 gave the children of Frank Doyle a contingent remainder, the grantor could not afterward by deed divest them thereof. If they had a contingent remainder in the land, it was impossible for appellant to convey a merchantable title.

Appellant contends that the trial court erred in a number of instances in admitting evidence. The trial was without a jury and the admission of incompetent evidence will not reverse if the competent evidence supports the finding and judgment. Merchant's Despatch Transportation Co. v. Joesting, 89 Ill., 152; Kreiling v. Northrup, 215 Ill., 195.

It is insisted that the court erred in holding propositions of law for appellee and in refusing propositions of law for appellant. They are not set out in brief and argument, nor there discussed, and we are not called upon to hunt them out and consider them.

There is but one important question in the case. If Frank Doyle obtained a fee simple title to the 80 acres described in the deed from Lawrence Doyle and wife in 1882, the deed appellant tendered conveyed a merchantable title and the judgment is wrong. If the deed conveyed only a base fee or life estate, and conveyed either the fee or a contingent remainder to his children who survived him, then the judgment is right.

We are of the opinion that the deed of 1882 from Lawrence Doyle and wife to Frank Doyle comes clearly within the rule enunciated in the case of Riggin v. Love, 72 Ill., 553, since followed and approved in Welch v. Welch, 183 Ill., 237; Cover v. James, 217 Ill., 309, and Miller v. Mowers, 227 Ill., 392. In the Riggin case, the court said in holding that the *habendum* clause of a deed might not be repugnant to the granting clause, "We concede the *habendum* cannot perform the office of divesting the estate already vested by the deed and that it is void if it be repugnant to the estate granted. But where no estate is mentioned in the granting clause, then the *habendum* becomes efficient to declare the intention, and it will rebut any implication which would otherwise arise from the omission in this respect in the granting clause."

Under the authority above quoted, we hold the law to be that where a statutory deed is made without saying, "his heirs and assigns" it passes the fee to the grantee, if there are no other words in the deed indicating a contrary intention; but if a contrary intention appears in the instrument, then these words "convey and warrant" will not grant the fee to the persons named, but will be subject to all the conditions, restrictions and limitations specified in the deed. We therefore hold that this deed did not convey to Frank Doyle a fee simple title to the real estate therein described. More-

over if Doyle did take the fee and the limitations were void, there is sufficient in the language employed to raise a reasonable doubt of the deed conveying a fee and to make the title doubtful and therefore not merchantable, and not in compliance with the contract. In the case of Street v. French, 147 Ill., 345, it is said: "A doubtful title which a purchaser will not be compelled to accept is not only a title upon which the court entertains doubts but includes also a title, which although the court has a favorable opinion of it, yet may reasonably and fairly be questioned in the opinion of other competent persons." It is a familiar rule that the vendor cannot force the purchaser to pay his money and receive a defective title. Lancaster v. Roberts, 144 Ill., 213; Eggers v. Busch, 154 Ill., 604. The judge who sustained the demurrer to the bill for specific performance must have held the same. The judge who tried the case held the same. Appellee's contract for a merchantable title did not require him to take the title subject to such infirmities. It is true the Doyle deed only covered 80 of the 160 acres contracted for, but appellee could not be compelled to take part of the land unless he chose. Weaver v. Wilson, 48 Ill., 125; Lancaster v. Robert, supra.

Finding no error in the record, the judgment is affirmed.

<em>Affirmed.</em>