David S. Holmes, Appellant, v. Christine Nelson, Appellee.

Gen. No. 5,072.

1.  CONVEYANCES—*when limitation not repugnant to granting clause.* Notwithstanding a deed contains in the granting clause the words "convey and warrant," a limitation in the *habendum* clause restricting the estate to the grantee for life, with power to dispose of the land for purposes of support, is not repugnant to such granting clause.

2.  CONVEYANCES—*what not execution of power of disposition by life tenant.* A life tenant, who by deed is given the power in her

lifetime to dispose of the estate for her support, has no power to make such disposition by will.

Bill in equity.  Appeal from the Circuit Court of Mercer county; the Hon. EMERY C. GRAVES, Judge, presiding.  Heard in this court at the October term, 1908.  Affirmed.  Opinion filed March 24, 1909.

**Statement by the Court.**  This is a suit in equity begun by David S. Holmes in the Circuit Court of Mercer county to have a lien for money due him for the support of Sarah Bean Anderson, deceased, decreed against forty acres of land.  The bill alleges the following to be the facts upon which relief is sought:  In December, 1899, John Anderson, then in poor health and advanced in age, made a verbal contract with Miss Sarah Bean in which it was agreed that they should be married, and she should care for him during his life, and he should convey a certain tract of land to her.  A deed was prepared, and Anderson accompanied by Miss Bean went to a justice of the peace to execute it.  The justice suggested some changes in the deed, which were made; it was then executed and delivered to Miss Bean.  The terms of the deed are:

"The grantor, John Anderson, a widower   *   *   * for the consideration of one dollar, love and affection, and other valuable consideration Dollars, convey and warrant to Miss Sarah Bean,   *   *   * the following described real estate; the northwest quarter of the southwest quarter of section eight, township fifteen, North, Range Four west, be there more or less than forty acres reserving life interest in above described land.

Miss Sarah Bean to have absolute title during her life with right to dispose of said land for her support, the remainder to go to Christine Nelson or her heirs; situated in the county of Mercer, in the state of Illinois, hereby releasing and waiving all rights under and by virtue of the Homestead Exemption Laws of this state."

The deed was signed by the grantor by his mark in the presence of complainant, and was duly acknowl-

edged. Anderson and Miss Bean were thereafter married. Anderson died in January, 1906, leaving Sarah Bean Anderson, his widow, and Christine Nelson his only child surviving him.

On March 31, 1906, Sarah Bean Anderson executed a lease of the forty acres of land to Oscar Harter for two years at $100 per year; and the tenant executed two notes for the rent. The first note was transferred by Sarah B. Anderson to David S. Holmes for her support. On April 4, 1906, Sarah Bean Anderson then of the age of sixty-four years made a will, the provisions of which are:

"First, I order that all my just debts be paid by my Executor hereafter appointed.

Second, I give and bequeath to my brother Jacob E. Bean, and in the event of his death before mine, my brother Isaac H. Bean, all the family pictures and other personal property in my possession, which belong to my father and mother, Joseph and Sarah Bean. Also what money I have in the German Savings Bank of Davenport, Iowa, to be divided share and share alike between Isaac H. and Jacob E. Bean, my brothers.

Third, I will further that all the proceeds from my real estate known as the northwest quarter of the southwest quarter of section (8) Eight, town (15) Fifteen, North of Range Four, West of the 4th Principal Meridian and containing (40) Forty acres more or less after the payment of all just claims be given to my daughter Christine Nelson.

Fourth and Lastly, I hereby appoint David S. Holmes Executor of this my last Will, hereby revoking all other former Will by me made."

Sarah B. Anderson died January 25, 1907. The will was admitted to probate and David S. Holmes was appointed executor. The remaining note for rent did not fall due until February, 1908, and is in the hands of the executor. David S. Holmes presented a claim for the support of Sarah B. Anderson against her estate, which was allowed in the sum of $650 as a third

class claim. There were other claims amounting to $65.70 allowed against the estate which it is alleged were incurred for her support. The entire estate consists of $32.36 on deposit in the German Savings Bank at Davenport, her third interest in the estate of her deceased husband John Anderson, from which $42 was received by her executor, her wearing apparel and household goods of little if any value, and the executor inventoried the Harter note of $100 and the land described in the Anderson deed. It is alleged that when Sarah B. Anderson executed the will she had no means of support except the notes, and that she used all the proceeds of the first note prior to July, 1906; that in July, 1906, she tried to sell the forty acres, but did not succeed in making a sale because she was unwilling to sacrifice the property; that in September she had an opportunity to sell at a fair price, but she was then mentally incompetent to make a deed, and for that reason the proposed purchaser declined to buy the land; that in December proceedings were begun to procure the appointment of a conservator, but she died before one could be appointed. The bill prays that complainant be decreed to have an equitable lien against the forty acres described in the deed from Anderson to Sarah Bean, for the amount of his claim, and that said land may be ordered sold unless such lien be paid. It makes Christine Nelson and Oscar Harter defendants. The record in this case is imperfect. Rule one of this court requires that the transcript of record shall contain among other things the process and service. There is no process or service. Christine Nelson alone appeared and demurred. The court sustained the demurrer and dismissed the bill at complainant's costs for want of equity. There is neither service of process on, nor appearance by, the defendant Oscar Harter. The Circuit Court did not have jurisdiction over him, and no question as to parties defendant or complainant is raised by either side. The complainant appeals to this court and presents

the case on its merits. Christine Nelson is the only defendant appearing here.

BASSETT, MORGAN & HEBEL, for appellant.

W. J. GRAHAM, for appellee.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

The bill neither alleges that there was any error or mistake in the deed, nor asks for any reformation of the deed. Under the deed Sarah Bean Anderson, the grantee, had a life estate in the land therein described, with a power to dispose of the land for her support during her lifetime, with remainder over to Christine Nelson, the appellee. Although the granting clause uses the words "convey and warrant," the limitation in the habendum clause, restricting the estate to the grantee for life, with power to dispose of the land for her support, is not repugnant to the granting clause. Riggin v. Love, 72 Ill. 553; Welch v. Welch, 183 Ill. 237; Cover v. James, 217 Ill. 309; Griffiths v. Griffiths, 198 Ill. 632.

The contention of appellant is that the execution of "the will was an attempt to execute the power by therein providing that all her just debts should be paid, and then disposing of the remainder thereafter to Christine Nelson."

Counsel for appellant cite and rely upon Griffin v. Griffin, 141 Ill. 373, as authority for their contention that the will was a defective execution of the power. In the Griffin case the devise was to the wife for life with power to sell for her support. She executed a deed, signing it personally but not as executrix. This was held to be a defective execution of the power. In that case the will also contained the clause, "at her death if there should be any of said real estate left after paying all her just debts then the aforesaid heirs may divide the same." It was held that that clause made her debts a charge on the estate. "If the primary

purpose of the devise is the support of the life tenant, and the remainder of the property which is not consumed by him for that purpose is given over to others upon his death, the life tenant may sell the land and he may use the proceeds of the sale for his support. He may not use the proceeds for another purpose; he cannot give them away; nor can the fee be taken by his creditors.'' II Underhill on Wills, sec. 687; Rose v. Hatch, 125 N. Y. 427; Ford v. Ticknor, 169 Mass. 276; Small v. Thompson, 92 Me. 539. The clause in the deed involved in this case is: ''Sarah Bean to have absolute title during her life with right to dispose of said land for her support, the remainder to go to Christine Nelson.'' The power is limited to the right to dispose of the land. The execution of the will was not a disposal of the land, for the reason it only pretends to dispose of the proceeds of the land. The will set forth in the bill was evidently made in anticipation of the land being disposed of in some way during her lifetime. The testatrix does not devise the land to her executor in any way, or to any other person, or direct or empower the executor to dispose of it. While the words ''to dispose of'' are not synonymous with ''sell,'' the definition of the words must be considered with reference to the connecting words. In this case we are of the opinion that the words ''to dispose of'' with the connecting words mean to sell or place the land beyond her control by some act by which the control of the property would pass from her in her lifetime to the extent at least of the writing executed by her. The will was not a defective execution of the power, but was a total failure to execute the power contained in the deed.

We conclude the power given Sarah Bean Anderson by the prenuptial deed of her husband to be one which could only be exercised during the active enjoyment of the life estate in aid of that enjoyment, and that complainant was not entitled to have a lien decreed against said land; but we do not decide whether

the leasing was or was not an exercise of that power for the term of the lease, for the reason that the bill alleges that the note executed by Oscar Harter for $100 rent maturing in February, 1908, is in the hands of David S. Holmes, executor. The executor is not a party to this suit, and the Circuit Court did not have jurisdiction over Oscar Harter, and it also appears from the allegations of the bill that there are other claims allowed against the estate of Sarah Bean Anderson which were for her support, and such claimants were not parties to or represented in this suit. We conclude that neither anything the Circuit Court decreed or that this court might say would be conclusive of the rights of the parties, and therefore decline to discuss the question whether a leasing and payment of rent was or was not a disposal of the property to that extent.

In so far as the Circuit Court had jurisdiction of the parties and the subject-matter the decree dismissing the bill was proper, and it is therefore affirmed.

*Affirmed.*