Verdict, not guilty.

JOHN DOE, upon the demise of SALLIE T. TOWNSEND, *vs.* RICHARD ROE, casual ejector, and CHARLES R. MELSON, tenant in possession.

1. EJECTMENT—DEFENSE BY OCCUPANT—CONSENT RULE.

In ejectment the occupant may not defend without first entering into a consent rule, which compels him to confess lease, entry, and ouster; and if this is not done, claimant may have judgment by default, but if the consent rule is, properly entered into the case proceeds to trial on the merits.

2. EJECTMENT—DEFENSES—DEFAULT AS TO PART OF THE PREMISES.

In ejectment, the defendant may enter into a consent rule, either generally, confessing lease, entry, and ouster as to all of the premises mentioned in the declaration, however general the description, or specially confessing lease, entry, and ouster as to that portion only of the premises, describing them, concerning which he defends. If he enters into the consent rule generally, and plaintiff has a verdict, either for the whole or part of the premises, he will be entitled to nominal damages and costs; but if defendant restricts his defense to a portion of the premises, and plaintiff fails to prove title to that part, plaintiff will not be entitled to a verdict as to it.

3. EJECTMENT—PROOF OF TITLE.

To entitle plaintiff to recover in ejectment, it is necessary for her to establish by the greater weight of evidence that she has legal title to the land, either by means of conveyances, or by uninterrupted, adverse, and exclusive possession for at least twenty years prior to the commencement of the action.

4. EJECTMENT—BURDEN OF PROOF.

In ejectment, plaintiff must recover, if at all, on the strength of his own title, and not on the weakness of that of his adversary.

5. EJECTMENT—PROOF OF TITLE—PREPONDERANCE OF EVIDENCE—REASONABLE DOUBT.

In ejectment, plaintiff is bound to prove that she has the legal title by a preponderance or the greater weight of the evidence, though she is not bound to prove it beyond a reasonable doubt.

Syllabus—Charge.

6.  ADVERSE POSSESSION—REQUISITES—PRESUMPTION.

The law presumes a legal title from exclusive, adverse, and continuous possession for twenty years; but no such presumption exists if the possession is for a less period than twenty years, or where it is of a mixed character, as where it is shared with some other person.

7.  ADVERSE POSSESSION—ACTS OF OWNERSHIP.

Where land is uninclosed, cutting wood, cultivating the land, or other similar acts, are acts proving possession, provided they are exclusive, and in opposition to the claims of all other persons, and have continued for twenty years.

(*April* 6, 1911.)

Judges BOYCE and WOOLLEY sitting.

*Robert C. White* and *James M. Tunnell* for plaintiff.

*C. W. Cullen* for defendant.

Superior Court, Sussex County, April Term, 1911.

ACTION OF EJECTMENT (No. 11, February Term, 1910), brought to recover possession of a narrow strip of land, in Baltimore Hundred. The facts fully appear in the charge of the court.

BOYCE, J., charging the jury:

Gentlemen of the jury:—This is an action of ejectment, brought to recover possession of a narrow strip of land, situate in Baltimore Hundred, Sussex County, containing about three-fifths of an acre.

[1] The nominal plaintiff and defendant are fictitious. The claimant of the premises in dispute, Sallie T. Townsend, is the real plaintiff, and the occupant, Charles R. Melson, is the real defendant. Whenever an action of ejectment is brought, the occupant of the land in question is not permitted to come in and defend without first entering into what is known as the consent rule, which compels him to confess lease, entry and ouster, which need not be proved at the trial. If the consent rule is not entered into within the time prescribed by rule of court, the claimant may have judgment by default. But if the consent rule is properly entered into, the case then regularly proceeds to trial upon its merits.

[2] The defendant may enter into the rule either generally, confessing lease, entry and ouster as to all of the premises men-

tioned in the declaration, however general the description of the premises may be, or specially, confessing lease, entry and ouster as to that portion only of the premises, describing them, which he defends. If the defendant enters into the consent rule generally, and the plaintiff should have a verdict, whether for the whole or part of the premises in issue, the latter will be entitled to recover nominal damages and costs of suit. *Duffel's Lessee v. Burton, et al.*, 4 *Harr.* 290, 292. But if the defendant, upon entering into the rule, restricts his defense to a portion of the premises only, and the plaintiff should fail to satisfy the jury of his right of possession of the portion so defended, the plaintiff will not be entitled to a verdict against the defendant for that portion. The controversy here involves a portion of a larger tract of land, and arises out of a dispute as to the divisional line between the parties to this action. It is provided by a rule of court that "in all cases of ejectment * * * where the dispute is about boundaries, pretensions shall be laid, and plots thereof shown at the trial, or the case shall be continued for compliance with this rule; unless the parties shall agree upon a plot, to be used at the trial, descriptive of their respective claims, and shall conform to the practice where pretensions are laid." In this case pretensions were not laid, the parties having agreed upon a plot, which is in evidence before you, and to which you will have access when you retire to your room for deliberation. The surveyor, who viewed and surveyed the premises and made the plot, has given testimony before you in explanation of the plot and of the boundary line between the lands of the parties, which he ascertained from the title papers. The plot, as you have seen, contains three principal lines. The first is the red line, on the west of the middle, or purple line, and the third is the black dotted line on the east of the middle, or purple line. It is conceded that the red and the black dotted lines, the two outer lines on the plot, mark the limits of the premises in dispute and the subject of this action.

The plaintiff contends that for upwards of fifty years she and those under whom she claims held possession of the premises in question until about two years ago, when, she complains, the defendant changed the private road or way over the lands which,

at that time, marked the dividing line between her and his lands; that for a long time before and for some years after the enactment of the present stock law, about twenty-four years ago, the dividing line between the then owners of the lands was marked by a stake and rider fence; that there was, at that time, on the west side of and close to said fence an old private road or way; that after the fence had disappeared, the said old private way became diverted from its former course by use, to and upon the lands now owned by the plaintiff, resulting in a dispute between the then owners respecting the divisional line between them; that in 1902, the private road or way was located upon the line of the old fence row and the plaintiff claims that the red line on the plot before you marks the location of the line of the said old partition fence as well as the road or way laid thereon in 1902, which road or way remained unchanged until 1909 when the defendant changed it to and upon her, the plaintiff's lands along a line or course as shown on the plot by the black dotted line. It is conceded as testified to by the surveyor that the red line on the plot marks the location of the road or way as established in 1902, and that the black dotted line shows the location of the road or way as changed by the defendant, and as it remains at this time. The surveyor testified on behalf of the plaintiff that the purple line on the plot represents the divisional line between the parties as shown by plaintiff's paper title, and his testimony in this respect is not controverted by either party.

The defendant in this case entered into the consent rule and confessed ouster and pleaded not guilty generally, and not specially by restricting his defense to a portion of the premises mentioned in the declaration. But at the beginning of this trial, after the jury had been sworn, he disclaimed any right of possession to that portion of the premises in dispute between the black dotted line and the purple line as shown on the plot. For this portion of the premises so disclaimed, we direct you to return a verdict for the plaintiff.

The defendant has defended only for that portion of the premises which lies between the purple and the red lines, and he contends that the plaintiff is not entitled to a verdict for the

6

possession of the latter portion of the premises, he claiming from the evidence adduced, that the paper title introduced by the plaintiff is not sufficient as testified to by the surveyor to warrant a recovery.

We do not understand that the plaintiff now relies upon her paper title for the recovery of possession of any portion of the premises lying west of the purple line on the plot. But she relies upon an alleged continuous, adverse and exclusive possession by herself and those under whom she claims for at least twenty years.

[3] As to the portion of the premises lying between the purple and red lines, now under consideration, the defendant insists that the plaintiff and those under whom she claims have never had possession of any portion thereof, but that the possession of the same has always been in him and those under whom he claims. To entitle the plaintiff to a recovery of the possession of the premises not disclaimed by the defendant, it is necessary for her to satisfy you by a preponderance or greater weight of the evidence that she has the legal title thereto either by her paper title, in evidence, or that she and those under whom she claims had uninterrupted, adverse and exclusive possession of the same for at least twenty years prior to the commencement of this action. Your consideration of this case is confined to the premises in dispute lying between the purple and the red lines. Whether, as to this latter portion, your verdict should be for the plaintiff or for the defendant, we leave you to determine from all the evidence before you, considered in connection with the law of the case which we will now announce to you, so far as applicable, as was charged by this court in the case of *Nevin v. Disharoon*, 6 *Penn.* 278, 66 *Atl.* 362.

The plaintiff cannot recover the possession of the land on the west side of the purple line on the plot unless she shows her right to such possession, by proving her title to the same.

A legal title to lands may be proved (1) by proving or producing the deed, will, and descents under which said title is claimed, or (2) by proving that the claimant and those under whom he claims had adverse, exclusive and continuous posses-

sion of the premises for at least twenty years next before the commencement of the action—in which case the law presumes that he has the legal title to the premises.

[4] The plaintiff in an action of ejectment must recover, if at all, on the strength of his own title, and it is not enough for such recovery that the defendant has failed to prove that he has a good title.

[5] In order to entitle the plaintiff to a verdict, the jury should be satisfied from the preponderance or greater weight of the evidence that the plaintiff has the legal title. It is not necessary, however, that the legal title of the plaintiff be proved beyond a reasonable doubt; it is sufficient if it be proved by the preponderance of the evidence.

[6] Exclusive, adverse and continuous possession for twenty years is ground upon which the law presumes a legal title. . But where the possession relied upon is for a less period than twenty years, or where it is of a mixed character, as where the possession has been shared with some other person or persons, no conclusive presumption arises as to the ownership of the legal title from such possession.

[7] The nature or kind of possession from which the law presumes legal title to real estate, depends in a great degree upon the nature and character of the property. Where the property is uninclosed, cutting wood or cultivating the land, and other similar acts are to be regarded as acts proving possession. But such acts must be exclusive and in opposition to the claims of all other persons, and continued for at least twenty years, in order to warrant an inference of title by possession only.

If it appears to the jury from the evidence that there was a mixed possession of the premises; that is, if acts of ownership have from time to time been exercised by both parties, or by those under whom they claim, the law adjudges the right of possession to be in that party who has shown a legal title.

You have in evidence the record of the paper title claimed by each party, and the evidence which, it is contended, identifies the disputed premises with the premises described in said record. You have also heard the testimony on behalf of each party as to

the possession of the premises lying between the purple and the red lines. If you find from the evidence that the plaintiff is entitled to a verdict for the whole of the premises lying between the red and black dotted lines, you should return a general verdict for the plaintiff, that is, that the defendant is guilty of the trespass and ejectment in the plaintiff's declaration mentioned, etc. Your verdict respecting the premises lying between the purple and the red lines should be for that party in whose favor is the preponderance or greater weight of the evidence.

If you find that the plaintiff is not entitled to a verdict for that portion of the premises lying between the red and purple lines, then your verdict should be for the plaintiff for the portion disclaimed by the defendant as we have instructed you, that is, that the defendant is guilty of the trespass and ejectment within laid to his charge in manner and form as within complained against him as to that portion in the plaintiff'sde claration mentioned, lying between the purple line and the black dotted line on the plot in evidence, and assess his damages at six cents, and six cents costs, besides the costs expended.

Verdict: "We find the defendant guilty of the trespass in ejectment in the said declaration mentioned in the manner and form as the said John Doe hath complained aginst him."