EMMA SHORT,

*vs.*

CHARLES R. MILBY, AMY E. MILBY, ADDIE GOODEN, ABRAM SHORT, H. OLE SHORT, BRENDA MURRAY, JOSEPH SHORT, ELLA BAXTER, ROLAND UNRUH, PAUL UNRUH, RUTH UNRUH DEVLIN, BEULAH UNRUH ROBINSON, REBA TAYLOR MEEKS, CLARENCE TAYLOR, and EMMA TAYLOR CROSSLEY.

*New Castle, February 9, 1949.*

*James M. Satterfield,* for Emma Short, plaintiff.

*John B. Hutton,* for Charles R. Milby and Amy E. Milby, defendants.

*S. Scott Beck, Jr.,* and *Richard Carvell,* both of Chestertown, Md., for Paul Unruh, a lunatic.

HARRINGTON, Chancellor: By deed dated April 11, 1934, John J. Yoder and Mary A. Yoder, his wife, conveyed a tract of land, consisting of approximately eighty (80) acres, in Kent County, to Willard M. Short, single man, and Emma Short, single woman, "their Heirs and Assigns". But the habendum clause stated that the lands and premises

bargained and sold to the parties of the second part "their Heirs and Assigns" were for their use "jointly and not as common tenants their Heirs and Assigns, forever." This provision limits the general granting clause and is the important provision of the deed in determining what estate was conveyed to the grantees. 16 *Amer. Jur.* § 239, *p.* 573; *Ontelaunee Orchards v. Rothermel*, 139 *Pa. Super.* 44, 11 *A. 2d* 543, 545.

Willard M. Short died intestate and unmarried on the fourteenth day of August, 1946, leaving to survive him, as his only heirs at law, four sisters, Emma Short, the plaintiff, Addie Gooden, Brenda Murray and Ella Baxter; three brothers, Abram Short, H. Ole Short and Joseph Short; and seven nephews and nieces, Roland Unruh, Paul Unruh, Ruth Unruh Devlin, Beulah Unruh Robinson, Clarence Taylor, Reba Taylor Meeks and Emma Taylor Crossley. All of these heirs are parties to this proceeding.

On the twenty-first day of April, 1948, Emma Short, the plaintiff, entered into a contract in writing, whereby she agreed to sell, and Charles R. Milby and Amy E. Milby, his wife, agreed to purchase the said eighty acre tract of land for $6500. The purchase price was to be paid on or before June 1, 1948 "upon the execution and delivery of a good and sufficient deed, conveying the said farm by a good, marketable title in fee simple, free and clear of all liens and encumbrances." The defendants, Charles R. Milby and Amy E. Milby, his wife, refused to comply with their contract on the ground that Emma Short did not have absolute title to the property.

The question, therefore, is whether the Yoder deed of April 11, 1934, conveyed an estate in joint tenancy to Willard M. Short and Emma Short.

When such an estate is created, the right of the survivor to take on the death of the other tenant is an incident of the estate. *Tiff. Real Property*, (*2d ed.*) 627, 635; 1 *Pomeroy Eq. Jur.*, (*5th Ed.*) § 408.

*Section* 3734 of the *Revised Code of* 1935 provides:

"Sec. 1. Estate in Joint Tenancy; Created Only by Express Words; Exception of Estates Granted to Executors or Trustees:—No estate, in joint tenancy, in lands, tenements, or hereditaments, shall be held, or claimed, by, or under any grant, devise, or conveyance made to any persons, other than to executors or trustees, unless the premises therein mentioned shall be expressly granted, devised, or conveyed to such persons, to be held as joint tenants and not as tenants in common."

The language of the statute reflects the modern rule and clearly shows that joint tenancies are not favored and can only be created by clear and definite language not reasonably capable of any different construction. See *Cookman v. Silliman,* 22 *Del.Ch.* 303, 2 *A.2d* 166; *Davis v. Smith,* 4 *Harr.* 68; *Kunz v. Kurtz,* 8 *Del.Ch.* 404, 68 *A.* 450; *Coudert v. Earl,* 45 *N.J.Eq.* 654, 18 *A.* 220. It may be safer to use the words of the statute (see *Cookman v. Silliman, supra*), but that is not absolutely essential if the grantor's intent to create a joint tenancy clearly appears from the language used. *Mette v. Feltgen,* 148 *Ill.* 357, 36 *N.E.* 81; 33 *C.J.* 904, 905; 48 *C.J.S., Joint Tenancy,* § 3, *p.* 914; 1 *Tiff. Real Property,* (2d ed.) 634; see also *Cover v. James,* 217 *Ill.* 309, 75 *N.E.* 490. The conveyance to Willard M. Short and Emma Short "jointly and not as common tenants their Heirs and Assigns, forever" clearly indicates the grantor's intent to create a joint tenancy. *Id.* In *Davis v. Smith, supra,* the court held that a devise to the testator's two grandsons "jointly" did not necessarily mean in joint tenancy, as tenants in common would also hold an estate jointly until severance. But other words are added here which clearly negative any intent to create a tenancy in common. The use of the words "their Heirs and Assigns, forever" is not inconsistent with this conclusion. *Barrett v. Barrett,* 134 *N.J.Eq.* 138, 34 *A.2d* 579; *Walker v. Deppe,* 346 *Mo.* 354, 141 *S.W.2d* 783.

A decree will be entered compelling the defendants Charles R. Milby and Amy E. Milby to perform their contract.