## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

WILLIAM CHANDLER,          )
        Plaintiff,          )
        v.                )      C.A. No: S22C-07-025 RHR
                         )
JAMIE HOVINGTON,          )
KNOWLES HOVINGTON,     )
MIRANDA HARMON,          )
and THE ESTATE of           )
VICKIE CHANDLER,         )
        Defendants.       )

Submitted: February 3, 2023
Decided: February 28, 2023

## <u>ORDER DENYING PETITION FOR WRIT OF EJECTMENT</u>

Plaintiff, William Chandler ("William"), seeks the ejectment of certain defendants occupying real property located in Millsboro, Delaware (the "Property"). Because the deed to the Property does not convey sole ownership of the Property to him, his Petition must be DENIED.

1. William and Vickie L. Chandler ("Vickie") married on August 19, 1977 and purchased the Property on September 30, 1993. The deed conveyed title to them as "William E. Chandler, Jr. and Vickie L. Chandler, his wife, (as tenants by the entirety with right of survivorship)...."

2. William and Vickie divorced on June 6, 2013. The Family Court specifically did not decide ownership of the Property.[1]

3. Vickie died intestate on February 1, 2022.[2]

4. William argues that the language "with right of survivorship" modifies the phrase "tenants by the entirety" and indicates that the parties intended for the survivor to take full title upon the death of the other, even if they were divorced at the time of death. William claims that title to the Property passed to him upon Vickie's death and therefore he is entitled to eject Defendants.[3]

5. To establish a valid ejectment claim, a plaintiff must be out of possession but have a present right to possess the property.[4] The burden is on the plaintiff to prove legal title by "proving or producing the deed, will, and descents under which said title is claimed" or by proving the requisite elements of adverse possession.[5] "The plaintiff in an action of ejectment must recover, if at all, on the

---

[1] *See* Family Court Order: Ancillary, dated Apr. 8, 2014, Pl's. Mem. of Law in Supp. of Writ of Ejectment, Ex. B, Nov. 21, 2022 (D.I. 11) ("The parties indicated that they had reached an agreement resolving all ancillary matters and request that the Court dismiss ancillary matters.").

[2] One of her heirs filed a Small Estate Affidavit with the Register of Wills, which stated that Vickie did not own any interest in real property. Pl's. Mem. of Law in Supp. of Writ of Ejectment, Ex. C, dated Sept. 21, 2022 (D.I. 11).

[3] William first sought summary possession in the Justice of the Peace Court. That Court dismissed the action because it determined it did not have jurisdiction because there was no rental agreement. Mem. of Law in Supp. of Writ of Ejectment Filed by Pl., Ex. D, Sept. 21, 2022 (D.I. 11).

[4] *Humes v. Charles H. West Farms, Inc.,* 2006 WL 337038 at *1 (Del. Super. Jan. 18, 2006). *See also Fede v. Deluca,* 1984 WL 19486 at *3 (Del. Ch. Nov. 5, 1984) (citing *Doe v. Roe,* 80 A. 352, 354 (Del. Super. Apr. 6, 1911)).

[5] *Humes*, 2006 WL 337038 at *1 (citing *Doe*, 80 A. at 354).

strength of his own title, and it is not enough for such recovery that the defendant has failed to prove that he has good title."[6]

6. It is well-settled that when a husband and wife holding title as tenants by the entirety later divorce, title is converted to tenants in common.[7]

7. In *Whitcraft v. Parsons*, the Delaware Court of Chancery considered almost identical language in a deed and stated, "A tenancy by the entirety, of course, necessarily involves a right of survivorship. Thus, the additional language is surplusage."[8] Joint tenancies are not favored and require clear and specific language "not reasonably capable of any different construction."[9]

8. I find that in the present matter, the reasoning in *Whitcraft* applies and the "right of survivorship" language is surplusage to the "tenants by the entirety" language.[10] Survivorship is part of a tenants by the entirety estate and adding to that language is redundant.[11] A tenants by the entirety estate is an estate that can only be held by married parties. That type of estate cannot survive the parties' divorce, even with the addition of the "right of survivorship" language, as William argues.

---

[6] *Doe*, 80 A. at 354.

[7] *Townsend v. Townsend*, 168 A. 67, 69 (Del. Super. 1933); *Cravero v. Holleger*, 566 A.2d 8, 13 n. 4 (Del. Ch. 1989); *Mitchell v. Wilm. Tr. Co.*, 449 A.2d 1055, 1059 (Del. Ch. 1982); *Hamilton v. Hamilton*, 597 A.2d 856, 859 (Del. Fam. Ct. 1990).

[8] *Whitcraft v. Parsons,* 2002 WL 927377 at *2 (Del. Ch. Apr. 30, 2002).

[9] *Short v. Milby*, 64 A.2d 36, 38 (Del. Ch. 1949).

[10] *See Whitcraft*, 2002 WL 927377 at *2.

[11] *See Fischer v. Fischer*, 864 A.2d 98, 104 (Del. Ch. 2005) (citing *Short*, 64 A.2d at 52).

9.      The defendants have cited language in a Family Court decision concerning termination of alimony between William and Vickie[12] and have provided an excerpt from a Facebook messenger exchange between William and one of the defendants[13] to prove that William is aware that he is not entitled to full ownership of the Property. While this evidence may be helpful in resolving the question of ownership in a different proceeding, for purposes of this ejectment action there is no need to look any further than the language in the deed to find that William cannot establish his exclusive ownership of the Property.

THEREFORE, for the foregoing reasons, William Chandler's Petition for Writ of Ejectment must be DENIED. If he can establish clear title in another court, he may re-file his Petition for Writ of Ejectment in this court.


                                                              */s/ Robert H. Robinson, Jr.*
                                                              Robert H. Robinson, Jr., Judge


cc: File & ServeXpress

---

[12] Termination of Alimony Decision and Order, dated Sept. 8, 2021, Ex. 2 to Defs.' Letter Br. Regarding Pl.'s Writ of Ejectment at 8-14, Nov. 21, 2022 (D.I. 12).
[13] *Id.*, Ex. 3.