Indictment of the defendants for harboring an indentured servant. *Page 18 
Under the present statute no formal certificate of approval by the justices is now required, as under the former act on the subject. In a case of binding under the provisions of the third section of the act as it now stands, it was sufficient if their approval appeared any where in or upon the indenture, and in this case it appeared in the body of it, and it could not appear or be otherwise from the fact that they executed it and bound the servant to the master. As to the second objection, it was only the money to be stipulated in the indenture to be paid to the parent, instead of to the party bound on the expiration of the term of service, that is required to be *Page 19 
paid in installments, and although the sum was fifteen instead of ten dollars, it was no ground of exception to the indenture, for the statute leaves it to the discretion of the justices to designate the amount to be paid to a colored child in lieu of education. In regard to the third and last objection that the indenture was not delivered by the justices to the Recorder within the time required by law, the act in this case differs from the act for the recording of deeds, which expressly provides that the record in the latter case shall only be evidence upon the deed's being recorded within one year after its execution. But the act in relation to apprentices contains no such provision, for it does not even expressly say that the indenture when deposited in the office shall be recorded, or even that the record of it shall be evidence, as it does in case of an assignment of the indenture. But as the act requires it to be delivered to that officer, it is evidently for the purpose of being recorded with a view to preserve the evidence of it, whilst the provision in relation to the assignment of it, in terms requires that it shall be recorded with the original. Still the act not prescribing the time within which the original shall be recorded, but simply making it the duty of the justices under a penalty of five dollars to deliver it within sixty days to the recorder, we do not think it a sufficient ground for excluding the record offered in evidence, that the original was not delivered to that officer until ninety days after it was executed. And we are of the opinion that there is nothing in the exceptions taken to show that it was not in conformity with the provisions of the existing statute on the subject. But if it were otherwise, and there was anything to show that it is not in conformity with them, and was, therefore, voidable in law, inasmuch as the statute expressly provides a specific remedy and mode of relief in such a case for the indentured party, we do not think he can lawfully avoid it by leaving and abandoning the service of his master at his own will and pleasure, or that a third person in a collateral proceeding like this, in which the validity of the *Page 20 
indenture is involved incidentally and indirectly only, can be allowed to avail himself of such an objection to it as any defence against an indictment for harboring the apprentice or servant after leaving the service of the master.
Cullen. But the binding in this case was under the third section of the statute, whilst the proviso contained in the sixteenth section of it, which gives the apprentice his redress by petition to the Court, or a judge in vacation, provides that such tribunal shall not enquire into any matter of objection to the indenture, but cruelty, ill-usage, or treatment not conformable to the terms of the binding.
Gilpin, C. J. Well, if that be so, then for a stronger reason this Court cannot enquire into the matter of your objection in an entirely collateral proceeding at the suit of the State on an indictment against a third person for harboring the apprentice after he has forsaken the service. In this particular case the statute may be a very hard one towards the apprentice; but this is wholly a statutory matter, and we can only take the law as we find it.
 The record was admitted in evidence. *Page 21