COMMONWEALTH vs. MARC FONTAIN.

Worcester. Sept. 30. — Oct. 24, 1879. ENDICOTT & LORD, JJ., absent.

The offence, under the St. of 1875, *c.* 99, of illegally keeping intoxicating liquors for sale, is not a "similar offence" to that, under the Gen. Sts. *c.* 87, §§ 6, 7, of keeping and maintaining a tenement used for the illegal sale and illegal keeping of intoxicating liquors, within the meaning of that phrase in the St. of 1866, *c.* 280, § 1, giving a judge, where the punishment provided is fine and imprisonment, the discretion to impose either without the other, if it appears that the offender has not before been convicted of a "similar offence."

Where a judge has discretion to impose a sentence of either a fine or imprisonment or both, and rules that he has no discretion, and sentences a defendant in a criminal case to pay a fine and to be imprisoned, the defendant may, under the Gen. Sts. *c.* 115, § 7, bring the case to this court on exceptions.

COMPLAINT under the Gen. Sts. *c.* 87, §§ 6, 7, for keeping and maintaining a tenement used for the illegal sale and illegal

keeping of intoxicating liquors, the same being a common nuisance.

In the Superior Court, on appeal, the defendant pleaded guilty to the complaint.    Upon the hearing on the matter of sentence, the defendant introduced no evidence.    But it appeared by evidence offered in behalf of the government, that the defendant had been convicted before a trial justice, within one year, of the offence of illegally keeping intoxicating liquor for sale, with intent to sell the same.    It was admitted by the government, that the defendant had not, before the present time, been convicted of any similar offence to the one charged in the complaint in question, unless the offence of illegally keeping with intent to sell was a similar offence.    *Aldrich*, J., thereupon ruled, as matter of law, that the court had no discretion, in the matter of sentence, to impose a fine without imprisonment, or *vice versa*, but only as to the amount of the fine and length of imprisonment, but was compelled under the St. of 1866, *c.* 280, §§ 1, 3, to sentence the defendant, if any sentence was to be pronounced, to pay a fine and to suffer imprisonment, on the ground that the offence of illegally keeping intoxicating liquor with intent to sell the same was a "similar offence" to the one charged in the complaint in the present case, within the meaning of that phrase in the St. of 1866, *c.* 280, § 1; and thereupon proceeded to sentence the defendant to pay a fine of $100 and the costs of prosecution, and to be further punished by confinement at hard labor in either of the houses of correction within the county of Worcester, for the term of three months.    The defendant alleged exceptions.

*F. A. Gaskill*, for the defendant.

*G. Marston*, Attorney General, for the Commonwealth.

MORTON, J.    The defendant was convicted under the Gen. Sts. *c.* 87, §§ 6, 7, upon a complaint for keeping and maintaining a tenement used for the illegal sale and illegal keeping of intoxicating liquors.

When he was brought before the court for sentence, it appeared that he had been previously convicted, under the St. of 1875, *c.* 99, of illegally keeping intoxicating liquor for sale; and that he had not previously been convicted of any other offence claimed to be similar to the one charged in this complaint.

Whereupon the presiding justice ruled, as matter of law, that the court had no discretion, in the matter of sentence, to impose a fine without imprisonment, or imprisonment without a fine, but was compelled, under the St. of 1866, c. 280, to impose a sentence of both fine and imprisonment.

We are of opinion that this ruling proceeded upon an erroneous construction of the St. of 1866.

This statute provides, in § 1, that "when it is provided by law that an offender shall be punished by a fine and imprisonment in the jail, or by a fine and imprisonment in the house of correction, such offender may, at the discretion of the court, be sentenced to be punished by such imprisonment without the fine, or by such fine without the imprisonment, in all cases where the offender shall prove or show to the satisfaction of the court that he has not before been convicted of a similar offence."

The offence of keeping a tenement used for the illegal sale or keeping of intoxicating liquor, which makes it a nuisance, is a distinct and different offence from that of unlawfully keeping for sale intoxicating liquor. A conviction or acquittal of either is no bar to an indictment for the other, even upon the same evidence. If they were not different offences, the St. of 1875, c. 99, would operate as a repeal of the Gen. Sts. c. 87, §§ 6, 7, so far as they relate to the illegal sale or keeping of intoxicating liquor. *Commonwealth* v. *Carpenter*, 100 Mass. 204, and cases cited. The gist of one offence is the keeping and using a tenement for an illegal purpose, which make it a nuisance; of the other, doing certain acts which constitute an offence, but which do not necessarily involve the keeping of any tenement or building.

The word "similar" is often used to denote a partial resemblance only. But it is also often used to denote sameness in all essential particulars. We think the Legislature intended to use it in the latter sense in the statute we are considering. There are many instances in our statutes where a severer punishment is prescribed if the offender has been previously convicted of an offence, but they are all cases in which the previous conviction was of an offence which is the same, or identical in kind, with the offence for which he is to be punished. It is sometimes called the same offence; Gen. Sts. c. 165, § 35; and some-

times "the like offence." Gen. Sts. *c.* 161, § 47; *c.* 162, § 7; *c.* 167, § 4. But we know of no case in which the Legislature has prescribed a severer punishment upon an offender because he has been previously convicted of a different offence.

The provisions of the act which we are considering are general in their application to all offenders; and we are of opinion that they were enacted in pursuance of the general policy to impose a severer punishment upon offenders who have been before convicted of an offence identical in kind, and that the use of the words "similar offence," instead of "the same" or "the like offence," was not intended to change that general policy.

It is contended that this question is not properly before us on exceptions. But the presiding justice in the Superior Court ruled, as matter of law, that he had no discretion as to sentence. By this ruling the defendant was prevented from appealing to the discretion of the court to mitigate his sentence. He was therefore aggrieved by the ruling and judgment of the court, and, by the express provisions of the Gen. Sts. *c.* 115, § 7, was entitled to allege exceptions thereto, and to have such exceptions determined by this court.          *Exceptions sustained.*