HELEN P. WHITE, administratrix of HIRAM F. PENUEL, deceased,
    vs. ANNA PENUEL, administratrix of THOMAS L. CANNON,

deceased.

*Amicable Action—Administratrix Assenting; and Giving Testi-
    mony for Plaintiff—Interested in Award—Fraud Inferred.*

1.   When the administratrix of a deceased person, interested in an
award in favor of the plaintiff, assents to an amicable action, and gives
testimony favorable to the claim of the plaintiff said testimony being nec-
essary to warrant the award,—and makes no defense whatever to the ac-
tion, she places herself in a position in which her interest is in conflict
with her duty as such administratrix.    This the law will neither encourage
nor permit.    And in such a case upon the facts proved, fraud and collu-
sion will be inferred.

*(April 12, 1907,)*

JUDGES SPRUANCE and BOYCE sitting.

*Charles W. Cullen* and *Robert C. White* for plaintiff.

*George N. Davis* and *Robert H. Richards* for defendant.

Superior Court, Sussex County, April Term, 1907.

AMICABLE ACTION (No. 2, October Term, 1905).

Exceptions to award of referees.—See facts in the charge of
the Court.

BOYCE, J., charging the jury:

Gentlemen of the jury:—On the second day of May, A. D.
1905, Helen P. White, administratrix of Hiram F. Penuel, deceased,
and Anna Penuel, administratrix of Thomas L. Cannon, deceased
appeared in the Prothonotary's office in this County, in vacation,
and entered into an amicable action, and by consent and rule of
Court, all matters in controversy between them, in their said suits
were referred to referees for their hearing and determination.
The demand of the plaintiff against the defendant was a probated
account of the said Hiram S. Penuel, made in his lifetime, against
the estate of the said Thomas L. Cannon for board, washing and

mending from August 17, 1892, to June 25, 1904, less certain credits, amounting to $3,006.88. On the day the amicable action was entered into, the referees made their award in favor of the plaintiff for the whole amount of plaintiff's claim, to wit, said sum of $3,006.88, with interest from the date of the award, and filed their award with the Prothonotary. Upon the return of the award of the referees to this court, at the next term thereof (October 7 1905) Emory B. Riggin, one of the next of kin of the said Thomas L. Cannon, deceased, was upon his certain petition presented to this court, permitted to intervene and file exceptions to the confirmation of the said award on the grounds of fraud and collusion between the parties to said action. Hearing on the exceptions was continued to the April Term, A. D. 1906, of this Court, when it was ordered by the Court that the following issue be tried by a jury of this County, at the bar of ,this Court, namely: "Was there or was there not fraud and collusion between Helen P. White, administratrix of Hiram F. Penuel, deceased, and Anna Penuel, administratrix of Thomas L. Cannon, deceased, the parties to this suit, in procuring the award therein?" The case has been continued until the present term.

You have been empanelled to try said issue. The evidence before you has been adduced in our presence. Without intending to impute anything intentionally wrong or fraudulent on the part of the parties to said action in agreeing, between themselves, to enter into said amicable action, the defendant was, as widow of the said Hiram F. Penuel, as well as her daughter, the plaintiff in said action who was the only child of the said Hiram F. Penuel, beneficially interested in obtaining an award in favor of the plaintiff. And we are constrained to say that the said Anna Penuel, administratrix, of Thomas L. Cannon, deceased, in assenting to such amicable action, and in giving testimony favorable to the claim of the plaintiff, and necessary to warrant the award, and by making no defense to the action whatever, placed herself in a position in which her interest, as a distributee in the residue of the estate of her deceased husband, was in conflict with her duty as such administratrix.

This the law will neither encourage nor permit. The rule against it "stands upon her great moral obligation to refrain from placing herself in relations which ordinarily excite a conflict between self interest and integrity".

*Michoud vs. Girod*, 4 *How.* 555; *Seldon vs. Est. of George W. Rice*, 30 *Mich.* 296; *Cook vs. Collingridge*, 1 *Jac.* 607 (621).

The testimony which has been produced not conflicting; and upon the facts of the case as proved we are clearly of the opinion that the law infers such fraud and collusion as require you to answer the question presented to you in the affirmative.

And we instruct you to make such answer in rendering your verdict upon the issue now before you.

Verdict: The jury found accordingly.