JOHN W. NEVIN vs. MARTHA I. DISHAROON.

*Ejectment—Legal Title; How Proved—Adverse Possession for Twenty Years; Effect of—Mixed Possession—Natural and Known Boundaries, Preferred to Courses and Distances.*

1. A legal title to land may be proved (1) by proving or producing the deeds, wills and descents under which said title is claimed, or (2) by proving that the claimant and those under whom he claims had adverse, exclusive and continuous possession of the premises for at least 20 years next before the commencement of the action; in which case the law presumes that he has the legal title to the premises.

2. Exclusive, adverse and continuous possession for twenty years is

ground upon which the law presumes a legal title. But where the possession relied upon is for a less period than twenty years, or where it is of a mixed character, as where the possession has been shared with some other person or persons, no conclusive presumption arises as to the ownership of the legal title from such possesion.

3. Where the defendant claims right by adverse possesion of twenty years against the legal title of the plaintiff, the burden of establishing it is upon the defendant; and if in such case the defendant fails to prove such adverse exclusive possession for twenty years, and the plaintiff has proved a legal title, the verdict should be for the plaintiff.

4. The nature or kind of possession from which the law presumes legal title depends in a great degree upon the nature and character of the property, and the acts of ownership exercised.

5. If it appears from the evidence that there was a mixed possession of the premises; that is, if acts of ownership have from time to time been exercised by both parties, the law adjudges the right of possession to be in that party who has shown a legal title.

6. When a deed calls for natural and known boundaries which are inconsistent with the description given in the deed by courses and distances, such natural and known boundaries control the boundaries by courses and distances. But if on the contrary the deed describes the land by courses and distances, and not by natural or known boundaries, the description by courses and distances is to be adopted.

(*April* 16, 1907.)

JUDGES SPRUANCE and BOYCE sitting.

*Robert C. White* and *Andrew J. Lynch* for plaintiff.

*John M. Richardson* and *Charles W. Cullen* for defendant.

Superior Court, Sussex County, April Term, 1907.

ACTION OF EJECTMENT (No. 68, April Term, 1906).

SPRUANCE, J., charging the jury:

Gentlemen of the jury:—This is an action of ejectment brought by the plaintiff, John W. Nevin, against the defendant, Martha I. Disharoon, to recover the possession of a tract of land situate in Seaford Hundred in this county, containing about seventeen acres.

The defendant is now in possession of the land, as appears by the record of this case.

The plaintiff cannot recover the possession of this land unless he shows his right to such possession, by proving his title to the same.

A legal title to land may be proved (1) by proving or producing the deeds, wills and descents under which said title is claimed, or (2) by proving that the claimant and those under whom he claims had adverse, exclusive and continuous possession of the premises for at least twenty years next before the commencement of the action; in which case the law presumes that he has the legal title to the premises.

The plaintiff in an action of ejectment must recover, if at all, on the strength of his own title, and it is not enough for such recovery that the defendant has failed to prove that he has a good title.

In order to entitle the plaintiff to a verdict, the jury should be satisfied, from the preponderance or greater weight of the evidence, that the plaintiff has the legal title. It is not necessary, however, that the legal title of the plaintiff be proved beyond a reasonable doubt; it is sufficient if it be proved by the preponderance of the evidence.

*Pleasonton vs. Simmons, 2 Pennewill 484-5.*

Exclusive adverse and continuous possession for twenty-years is ground upon which the law presumes a legal title. But where the possession relied upon is for a less period than twenty years, or where it is of a mixed character, as where the possession has been shared with some other person or persons, no conclusive presumption arises as to the ownership of the legal title from such possession.

*Ibid.*

Where in an action of ejectment the defendant claims right by adverse possession of twenty years against the legal title of the plaintiff, the burden of establishing such possession to the satisfaction of the jury rests upon the defendant; and if in such case the defendant fails to prove such adverse exclusive possession for twenty years, and the plaintiff has proved a legal title, the vervict should be in favor of the plaintiff.

*Barret vs. Jefferson,* 5 *Houst.* 477.

The nature or kind of possession from which the law presumes legal title to real estate, depends in a great degree upon the nature and character of the property. Where the property is unenclosed, cutting wood or grass upon the land, pasturing cattle upon it, and other similar acts are to be regarded as acts proving possession. But such acts must be exclusive and in opposition to the claims of all other persons, and continued for at least twenty years, in order to warrant an inference of title by possession only.

*Bartholomew vs. Edwards,* 1 *Houst.* 17; *Bright vs. Stephens,* 1 *Houst.* 31.

If it appears to the jury from the evidence that there was a mixed possession of the premises; that is, if acts of ownership have from time to time been exercised by both parties, the law adjudges the right of possession to be in that party who has shown a legal title.

*Inskeep vs. Shields,* 4 *Harr.* 346.

Where a deed calls for natural and known boundaries which are inconsistent with the description given in the deed by courses and distances, such natural and known boundaries control the boundaries by courses and distances. But if on the contrary the deed describes the land by courses and distances, and not by natural or known boundaries, the description by courses and distances is to be adopted.

*Hunter vs. Lank,* 1 *Harr.* 10.

Both the plaintiff and defendant claim that they have shown a good paper title to the premises in dispute. You have in evidence the records of the paper title claimed by each party, and the evidence which, it is contended, identifies the disputed premises with the premises described in said records. You have also heard the testimony on behalf of each party as to the possession of the premises.

Your verdict should be for that party in whose favor is the preponderance or greater weight of the evidence.

Verdict: "We find the defendant not guilty of the trespass in ejectment in the said declaration mentioned in the manner and form as the said John Doe hath complained against her."