Doe, on the demise of Madison Willin *et al.*, Trustees of St. John Methodist Episcopal Church of Seaford, Sussex County, Delaware, *vs.* Roe, casual ejector, and Jesse A. Wright, tenant in possession.

1. Religious Societies—Power to Hold Land—Mode of Acquisition.

Under the express terms of Act March 1, 1855 (11 *Del. Laws, c.* 275), no grant or lease of land could be made after passage of that act to a religious society not incorporated under *Rev. Code* 1852, amended to 1893, p. 309, c. 39; the interest otherwise escheating to the state under *section* 4 of *chapter* 275, which is designed to further limit the mortmain act contained in *Rev. Code* 1852, amended to 1893, *c.* 39, *p.* 310, §10, thus making impossible conveyances for religious purposes to a person or ecclesiastical office or in trust.

2. Religious Societies—Title to Land—Parties to Action.

*Rev. Code* 1852, amended to 1893, *p.* 309, *c.* 39, provides for the incorporation of religious societies. *Section* 4 vests title to their property in the trustees. Act March 1, 1855 (11 *Del. Laws, c.* 275) § 2, prohibits grants or leases of land to religious societies not incorporated under *Rev. Code* 1852, amended to 1893, *p.* 309, *c.* 39. *Held* that, since title to land conveyed to a religious corporation is vested in the trustees, they are the proper parties plaintiff in ejectment.

3. Ejectment—Essentials to Recover.

Plaintiffs in ejectment can recover, if defendant is in possession and plaintiffs have a right to possession under their title.

4. Ejectment—Descent and Distribution—Wills—Plaintiff's Title—Sufficiency.

Plaintiff in ejectment can establish title by deed, will, or descent, or by showing adverse, exclusive, and continuous possession, for 20 years before the suit.

5. Adverse Possession—Presumption.

The law presumes a legal title from adverse, exclusive and continuous possession for 20 years.

6. Adverse Possession—Nature—Continuity.

Adverse possession, in its legal sense, arises where one has not for 20 years surrendered control of the premises.

7.  ADVERSE POSSESSION—POSSESSION BY TENANT—EFFECT.

Possession, on which title by "adverse possession" can be based, may be had through a tenant.

(*October* 11, 1910.)

Judges WOOLLEY and HASTINGS sitting.

*Charles W. Cullen* for plaintiff.

*Robert C. White* and *James M. Tunnell* for defendant.

Superior Court, Sussex County, October Term, 1910.

ACTION OF EJECTMENT (No. 11, April Term, 1909) by John Doe, on the demise of Madison Willin and others, Trustees of St. John Methodist Episcopal Church of Seaford, Sussex County, Delaware, against Richard Roe and Jesse A. Wright, tenant in possession.   Verdict for plaintiffs.

A motion for nonsuit was denied by the court.

HASTINGS, J., delivering the opinion of the court:

A motion has been made in this case by the counsel for the defendant for a nonsuit on the ground that the suit is brought in the name of Madison Willin *et al.*, trustees of St. John Methodist Episcopal Church of Seaford, Sussex County, Delaware, while the proof, upon the part of the plaintiff, irrespective of the pleadings, shows that said church became a religious incorporated body on the twenty-fourth day of February, 1871, and was such at the time this suit was brought.   Our attention has been called to *Chapter* 39 of the *Revised Code* at *page* 309, the material parts of which are as follows:

"*Section* 1.   Any religious society or congregation of Christians, consisting of fifteen or more persons, may become incorporated by the election of trustees, not less than three and not more than twelve, and the taking of a name and certifying the same, under the hands and seals of said trustees, to the recorder of deeds."

"*Sec.* 2.   Such trustees shall be elected at a public meeting of the society or congregation, held at their usual place of worship, on ten days' notice by advertisements at the front door of such place, and by a plurality of votes of the members present."

"*Sec.* 3.   The trustees so elected and their successors shall be a corporation, by the name so adopted and certified; shall have perpetual succession with all the incidents and franchises of a corporation aggregate, and with power to purchase, receive, hold and enjoy property, real and personal, for the use of the said society or congregation, their ministers or members, or for schools, almshouses or burying grounds.   The act of a majority of the trustees shall be valid."

"*Sec.* 4.   All the estate, right and title which any such society, or congregation, may have in any property, real or personal in themselves, or by trustees, or for their use before incorporation, shall, upon incorporation, become vested in the trustees, who may grant, demise, or dispose thereof."

Our attention is also directed to *Chapter* 275, *Vol.* 11, *Laws of Delaware*, enacted March 1, 1855, *sections* 1 and 2 of which read as follows·

"*Section* 1.   That no grant, conveyance, devise or lease of personal or real estate to, nor any trust of such personal or real estate for the benefit of any person, and his successor or successors in any ecclesiastical office, shall vest any estate or interest in said person or his successor; and no such grant, conveyance, demise, or lease to or for any such person by the designation of any such office, shall vest any estate or interest in any successor of such person.   But this section shall not be deemed to admit the validity of any such grant, conveyance, devise or lease heretofore made.

"*Sec.* 2.   That no grant, conveyance, devise or lease of any real estate, dedicated or appropriated, or intended to be dedicated or appropriated to purposes of religious worship for the use of any congregation or society shall vest any right, title or interest in any person or persons to whom such grant, conveyance, devise or lease be made unless such grant, conveyance, devise or lease shall be made both in form and in fact, to a corporation organized according to the provision of the laws of this state, as contained and provided in, and by, the thirty-ninth *chapter* of the *Revised Code*, under the title of 'Religious Societies'."

It is contended that the last quoted section vests the title to the land solely in the corporation and that suits with respect

to such land must be brought in the name of such corporation and not in the name of its trustees.

It seems very clear that after the passage of this act no grant, conveyance, demise or lease of any real estate could be made to a religious society unless the said society shall have been incorporated under *chapter* 39, of the *Revised Code* above referred to, for *section* 4 of said *chapter* 275 provides the title of such real estate shall escheat to the State of Delaware. The evident purpose of it was to place further limitations on the mortmain act, which is contained in *section* 10 of the said *chapter* 39.

The question raised by a reading of these statutes is whether the title after such a conveyance to a religious incorporation is vested in the corporation itself, or in the trustees.

It will be observed that *sections* 3 and 4 of said *chapter* 39 are general in their terms and apply to no particular denomination.

*Section* 9, however, applies to the Protestant Episcopal Church and reads as follows:

"The rector, wardens and vestrymen of any Protestant Episcopal Church, on certifying their name, or style, as provided by *section* 1, shall be a corporation, with the franchise, rights and powers therein vested in trustees of other religious societies."

*Chapter* 100, *Volume* 11, and *Chapter* 599, *Volume* 19, *Laws of Delaware*, provide that the Roman Catholic Church may conduct their religious corporation in a little different way, according to the discipline and practice of their particular faith.

In *section* 9, which relates to the Protestant Episcopal Church, as well as the other statutes mentioned which pertain to the Roman Catholic Church, it is provided that such societies "shall be a corporation, with the franchises, rights and powers therein vested in trustees of other religious societies."

"Other religious societies," as here used, undoubtedly refers to *sections* 3 and 4 of *chapter* 39, which treats of religious societies generally and provides with respect to them, as *section* 4 says, "that all the estate, right and title which any such society, or congregation may have in any property, real or personal in themselves, or by trustees, or for their use before incorporation, shall, upon

incorporation, become vested in the trustees, who may grant, demise, or dispose thereof.''

This *chapter* 39 refers only to the incorporation of religious societies. Such corporations like all others can only act through their agents. The agents of such corporations have been by the statute designated as trustees in whom, as such, the property is vested.

When *chapter* 275 of *Volume* 11 is considered in conjunction with the general provisions of *chapter* 39 and with the particular provisions of that chapter, being *section* 10, which embodies the ancient statute of montmain, it is obvious that the purpose as well as the effect of *chapter* 275 is to effectuate the statute of montmain and make conveyances of land for religious purposes to a person or ecclesiastical office impossible, and to prevent a conveyance by indirection, or by the medium of a trust, in violation of the spirit of said *section* 10.

With this construction of *chapter* 275 it leaves *sections* 3 and 4 of *chapter* 39 undisturbed, and also leaves the law where it was before the enactment of said *chapter* 275.

As *section* 4 clearly vests the title in the trustees, we think they are proper parties to this suit and the motion for nonsuit is therefore denied.

At the close of the testimony, the court charged the jury.

HASTINGS, J., charging the jury:

Gentlemen of the jury:—This is an action of ejectment brought by the trustees of St. John M. E. Church of Seaford, Sussex County, Delaware, against one Jesse A. Wright, real defendant, to recover the possession of a small piece of land, with a house thereon erected, in the town of Seaford, Sussex County.

In the first place, we will say to you that we have been requested by the defendant to instruct you to return a verdict for the defendant. This we decline to do. We have also been requested by the counsel for the plaintiff to instruct you to return a verdict for the plaintiff. This we also decline to do.

We say to you that if you find from the evidence that the

defendant is in possession of this particular land, and if you find that the plaintiffs have a right to take possession under their title, which title they may prove to you by the production of deeds, wills and descents under which said title is claimed, or by proving that the claimants and those under whom they claim had adverse, exclusive and continuous possession of the premises for at least twenty years before the commencement of this action, in which case the law presumes that they had a legal title to the premises, then you should find a verdict of guilty of the trespass and ejectment in the declaration mentioned in the manner and form in which said John Doe has complained against him.

We might further say to you that adverse possession in its legal sense is where the plaintiffs have not during the past twenty years given up their control of the premises. For instance, if they rented to a person, they would still in law have possession of the premises for the purpose of establishing a title, and the sole question for you to determine in this case is one of title.

Verdict, guilty of the trespass and ejectment in the plaintiffs' declaration mentioned, etc.