CHARLES A. DAVID, d. b. a., *vs.* THE STATE OF DELAWARE, p. b. r.

1. TRESPASS—CRIMINAL PROSECUTION—NATURE OF ACTION.

A prosecution under the trespass nuisance act (*Rev. Code* 1852, amended to 1893, *p.* 937, *c.* 128, § 21), providing that any person willfully trespassing upon the lands of another shall be guilty of a nuisance, contemplates something more than a civil remedy for a civil injury; and while the willfulness is the element which the statute makes a criminal offense, it is none the less an action of trespass, with the technical characteristics of such action.

2. TRESPASS—RIGHT OF ACTION—POSSESSION.

Trespass is an injury to the possession of property, and one complaining thereof must show himself to have been in possession at the time the trespass was committed.

3. TRESPASS—ACTION—POSSESSION OR RIGHT OF POSSESSION.

Seisin in law by force of a title deed is not alone a sufficient possession to maintain a trespass, although when possession is mixed, and acts of ownership are exercised by both parties claiming the property, the possession is in that party showing legal title thereto; but where the only act of ownership exercised by the holder of a title deed, in the absence of pretensions, is an act indicating an intent to stake up marsh land, in which he was stopped by defendant, no legal inference of possession can be drawn from the title deed.

4. TRESPASS—POSSESSION OR RIGHT TO POSSESSION.

A seisin derived from the deed of a third party not himself in possession cannot put the grantee in possession of land against the rights of one lawfully in possession.

5. TRESPASS—RIGHT OF ACTION—POSSESSION.

One who, under a survey to establish a disputed boundary line through marsh land, acquired only the permissive possession of the other party thereto, who was neither landlord nor tenant, and whose possession was limited to trapping, had no such possession as would support an action of trespass, since possession to support such action must be an exclusive possession.

(*October* 28, 1913.)

PENNEWILL, C. J., and CONRAD and WOOLLEY, J. J., sitting.
*Henry Ridgely* and *Thomas C. Frame, Jr.*, for the appellant.
*Arley B. Magee* for the respondent.
Superior Court, Kent County, October Term, 1913.

APPEAL from a justice of the peace in Kent County.

This was a proceeding before a justice of the peace in Kent
County, on complaint of Wilbur Raughley charging wilful tres-
pass by and against Charles A. David, under what is commonly
known as the trespass nuisance act (*Rev. Code* 1852, amended to
1893, *Section* 21, *Chapter* 128, *page* 939).

The defendant claimed before the justice that the ownership
of the lands in question was in one Mary E. Voshel, and that said
lands were and for a long time·had been in the tenancy of his
father. Under the claim of such ownership, the defendant craved
the right of appeal to the Superior Court of Kent County as pro-
vided by said act as amended. The appeal was allowed and the
justice delivered a transcript of the proceedings before him to
the defendant who filed the same with the prothonotary and
caused his appeal to be duly entered in said court. The case
came on for trial before the court on the transcript filed without
pleadings under the following agreement of counsel:

"It is agreed by and between counsel for the respective par-
ties in the above stated suit that the same shall be tried upon
the transcript, and that the record shall be treated as if a decla-
ration had been duly filed on behalf of the plaintiff, and as if the
defendant had duly filed the usual pleas, and also a special plea
denying the ownership of the lands in question by Wilbur Raugh-
ley, the complainant before the justice below, and claiming title
to said lands in the defendant."

WOOLLEY, J., charging the jury:

Gentlemen of the jury:—This action was instituted by the
State of Delaware against Charles A. David, the defendant, for
a violation of a statute of this state which provides that, "if any
person shall willfully enter into, upon, or trespass upon the ways
lands or premises of another in this state, he shall be guilty of a
nuisance." *Rev. Code*, (1893) *ch.* 128, § 21.

In proof of its charge, it is contended on behalf of the state, in brief, that one Wilbur Raughley purchased a farm in this county, bordering upon and adjacent to that upon which Charles A. David, the defendant, resided; that there arose between them a question as to who owned a tract of marsh land upon which the defendant was and had been for some time engaged in the occupation of trapping; that Raughley claimed the land was embraced within his deed of purchase, which was admitted in evidence, and suggested to David that they have the line run and established by a surveyor; that the suggestion was adopted, the survey made, the line determined and parts of the marsh in dispute designated as the property of them respectively.

It is then charged that, in violation of the statute quoted, the defendant, on the seventeenth day of February, 1912, willfully entered and trespassed upon that part of the marsh designated as the property of Raughley.

Charles A. David, the defendant, for defense maintains, in substance, that the marsh in question is the property of one Mary E. Voshel, having been by her and by her predecessors in the title, for a long period of time theretofore, let and leased with and as a part of the farm; that the farm and marsh were not in the tenancy of the defendant, but were, and for a considerable period of time had been, in the tenancy of his father, Nehemiah David, and that the only rights, privileges or interest that Charles A. David the defendant, had in the marsh in question, were the rights or privileges of hunting and trapping thereon, by permission of his father, the tenant; that he did not agree or otherwise acquiesce in the proposition or act of Raughley to have surveyed and have determined any question of property rights, respecting the marsh, but, on the contrary, continued as he and his predecessors had been doing for twenty years or more, to pursue the occupation of trapping, without regard to the acts or claims of Raughley.

[1] While the statute under which this action is brought, contemplates something more than a civil injury for which there is a civil remedy, and while the willfulness of the trespass is patently the element at which the law is offended and for which the

statute affixes the consequences of a criminal offense, an action thereunder, is none the less an action of trespass, with all the technical characteristics of such an action brought otherwise than under this statute.

[2] Trespass is an injury to the possession of property, and therefore one who complains of such an injury must show himself to have been in possession at the time the trespass was committed. (*Clar v. Hill*, 1 *Harr*. 335; *Hunter v. Lank*, 1 *Harr*. 10.) For possession of the property in controversy, Raughley relies, first, upon his title deed, in which he claims that the land in question is included, though without evidence to prove the same under the orderly method of laying down pretentions; and, second, upon the division and designation of the land by the alleged agreement of survey.

[3] With respect to the claim of possession by force of the claimant's title deed, we say to you that seisin in law is not alone a sufficient possession to maintain trespass. True it is that when possession is mixed, that is, where the possession has been shared with some other person, and acts of ownership have been exercised from time to time by both parties claiming a property, the law adjudges the right of possession to be in that party who shows a legal title to the property. (*Nevin v. Disharoon*, 6 *Penn*. 278, 66 *Atl*. 362.) But in this case there is no evidence of a mixed possession, the only act of ownership exercised or attempted to be exercised by Raughley being an act indicating an intent to stake up the marsh, at which he was stopped by the defendant. (*Clark v. Hill*, 1 *Harr*. 335.) For this reason, as well as in the absence of pretentions, no legal inference of possession or claim of title in this action can be drawn from or be maintained by the title deed of Raughley, which as evidence must be disregarded.

The claim of possession by Raughley therefore rests alone upon the act and alleged agreement of survey.

[4, 5] If the alleged agreement of survey gave to Raughley any right of possession, it could have been no greater than the right of possession that Charles A. David himself may then have had to the property. David's right of possession was permissive, and, so far as the testimony shows, extended to and was

limited to trapping. He was neither landlord nor tenant. Whatever agreement he may have made with Raughley in relation to the marsh, so far as is shown by the testimony, could not have affected the owner or tenant of the marsh, and could have conveyed to Raughley none of the property rights of the owner or of the tenant therein. It is well recognized that a seisin derived from the deed of a third party, not himself in possession, cannot put the grantee in possession of land against the rights of one lawfully in possession, as under an unexpired lease, nor could Charles A. David, who held no relation to the land save by permission of the tenant, give to Raughley a possession which he himself did not have; that is, a possession sufficient upon which to support and maintain an action of trespass. The possession contemplated by the law as sufficient to maintain an action of trespass is a possession to hold the property to the exclusion of others; that is, the possession, for a time at least, must be exclusive. If exclusive, it should have been such as would have excluded Nehemiah David and Mary E. Voshel, and such as would have supported an action of trespass by Raughley against either the one or the other if one or the other had invaded that possession. That Charles A. David had a possession of the marsh or property interest therein which he did or could have transmitted to Raughley by agreement or otherwise, that would have prevented Nehemiah David, the tenant, possessing and using the marsh, or Mary E. Voshel, the landlord, recovering the same, is not shown or suggested by the testimony. Assuming that the defendant did all that Raughley claims he did, yet Raughley fails to show such a possession upon which the state may found and maintain this action.

We hold that Raughley was not in actual possession of the property into which he claims that David entered to his injury, and therefore we instruct you to render a verdict of not guilty.

Verdict, not guilty.