NEWTON S. STOWELL *vs.* JOHN F. BLANCHARD.

Franklin.    Opinion March 16, 1923.

*Where a tax deed is set up by the defendant in a real action under Sec. 62 Chap.
10, R. S., any alleged irregularities in the assess ment must be proved by the plain-
tiff but the defendant must show that the advertising and selling was in
strict compliance with the statutes; recitals in deeds cannot be accepted
as evidence, there being no presumption in favor of the
regularity of the Treasurer's acts.*

Under Sec. 62, Chap. 10, R. S., where a tax deed is set up by the defendant in
a real action, any alleged irregularities in the assessment of the tax or the cer-
tification thereof to the County Treasurer must be proven by the plaintiff.

To complete a *prima facie* title under a tax deed when relied upon by defendant,
he must submit proof that the County Treasurer in advertising and selling
in all respects proceeded in strict compliance with the statutes.

Recitals in deeds cannot be accepted as evidence. There is no presumption
in favor of the regularity of the Treasurer's acts. Each step must be strictly
proved. Nothing can be left to intendment or inference.

A certificate by the County Treasurer that the "accompanying advertisement"
was published in a local paper and a "similar advertisement" was published
three successive weeks in the "State Paper" is not a sufficient compliance with
the statute that notice of the time and place of sale and of the lists of unpaid
taxes and date of assessment shall be published in both papers.

While the accompanying advertisement published in the local paper was suffi-
cient, the "similar advertisement" published in the State Paper may or
may not have been sufficient. A "similar advertisement" may nearly corre-
spond, or resemble in many respects, but may not contain all the essentials
required by the statute.

The burden is on the defendant to show that the "similar advertisement" pub-
lished in the "State Paper" did comply with all the essential requirements.
There are no presumptions in his favor. In this respect he has failed.

On report. A real action to recover an undivided half in cer-
tain real estate situated in Perkins Plantation in Franklin County.
Defendant pleaded the general issue and set up a tax deed under
which he relied, admitting that the title was in plaintiff except or
unless he had acquired a title under the tax deed. At the con-
clusion of the evidence, by agreement of the parties, the case was

reported to the Law Court for final determination of all questions involved, excepting that of damages, which question, in the event plaintiff should prevail, was reserved for determination agreeably to a stipulation. Judgment for plaintiff. Case remanded to the court below for assessment of damages by the Clerk in accordance with the agreement of the parties.

The case is fully stated in the opinion.

*Elmer E. Richards,* for plaintiff.

*Cyrus N. Blanchard,* for defendant.

SITTING: CORNISH, C. J., SPEAR, PHILBROOK, DUNN, WILSON, DEASY, JJ.

WILSON, J. A real action to recover an undivided one half part of a lot of land containing about one hundred and sixty acres situated in Perkins Plantation in Franklin County, and known as the Crocker Farm.

It is admitted that the plaintiff is the owner of the one half part of the land sought to be recovered, unless his title is affected by a certain tax deed, the grantee named therein having conveyed all the title he acquired thereby to the defendant.

In support of the tax deed the defendant offered the record of the assessment by the County Commissioners of Franklin County of a tax for the repair of County roads in unincorporated townships and tracts of land in said County during the year 1906, at least, in so far as it related to a certain road in Perkins Plantation, also a copy of the certificate of the clerk of the County Commissioners to the County Treasurer of certain road taxes in Perkins Plantation for the year 1906 for collection, which included among others a tax of six dollars assessed to C. F. Blanchard, the father of the defendant, and one McLaughlin whose interest it is admitted has been acquired by the plaintiff as joint owners of Crocker Farm, together with the deed of the County Treasurer of the land thus described, and a copy of his records in so far as it related to his proceedings in advertising and selling, and a deposition to the effect that the local paper in which the notice of the time and place of the sale was advertised was "printed" in Franklin County as required by the statutes.

Numerous alleged defects or irregularities in the proceedings leading up to the sale of this land are pointed out by the plaintiff's counsel.

But Sec. 62 of Chap. 10, R. S., provides that the County Treasurer's deed duly executed and recorded, together with the assessment signed by the County Commissioners and certified by them or their clerk to the County Treasurer and proof that the County Treasurer complied with the requirements of the statutes in advertising and selling shall be prima facie proof of title in any trial at law or in equity in which the validity of any sale or forfeiture of such lands is involved.

By reason of this legislative fiat any alleged irregularities relating to the assessment of the tax or the certification thereof to the County Treasurer must be proven by the plaintiff. The presumption is that the requirements of the statutes in these matters were fully complied with. The irregularities in the assessment by the County Commissioners or in their certificate to the County Treasurer pointed out by plaintiff's counsel in these proceedings have either already been determined by this court to be unavailing by reason of the section of the statutes above referred to; *Green* v. *Martin,* 101 Maine, 234, or are based upon extraneous facts requiring evidence to substantiate them, which the plaintiff has failed to furnish. It is, therefore, unnecessary to consider them here.

But to complete his prima facie title under the section of the statute referred to, the party relying upon such tax deeds must submit *proof* that the County Treasurer in advertising and selling in all respects proceeded in strict compliance with the statutes, and as to his acts, the recitals in his deeds, under the section above referred to, cannot be accepted as evidence otherwise proof that he has complied with the law would not have been expressly required. Sec. 62, Chap. 9, R. S.; *Ladd* v. *Dickey,* 84 Maine, 190; *Libby* v. *Mayberry,* 80 Maine, 137; *Bennett* v. *Davis,* 90 Maine, 102. There is no presumption in favor of the regularity of the Treasurer's acts, but each step must be strictly proved.

Sales of land for taxes are in general proceedings *ex parte* and *in invitum.* *French* v. *Patterson,* 61 Maine, 203, 210 As this court said in *Phillips* v *Phillips,* 40 Maine, 160: "It has therefore, been held with great propriety that to make out a valid title under such sales. great strictness is to be required; and it must appear that the provisions of the law preparatory to and authorizing such sales have been punctiliously complied with."

Except, therefore, so far as certain records of official acts have been made prima facie evidence of title by legislative enactment,

proof of strict compliance with the law to sustain a sale or forfeiture under this statute requires that nothing shall be left to intendment, inference or presumption.    Blackwell on Tax Titles, *72-74.

Nor is this rule unreasonable where, as in the instant case, the defendant seeks to enforce title to lands worth approximately fifteen hundred dollars for failure on the part of the plaintiff, a non-resident of the county, to pay taxes in the inconsequential amount of five dollars and eight cents, and as the evidence discloses without any personal notice to the plaintiff that the taxes were not paid and the plaintiff having made arrangements with his then cotenant, who was the father of the defendant, for their payment.    *Copper Mining, etc., Co.* v. *Franks,* 85 Maine, 321.

Sec. 60, Chap. 9, R. S., 1903, provided that notice of the time and place of such sales together with a list of the unpaid taxes and date of assessment shall be published three weeks successively in the State paper and some paper, if any, printed in the county where the land lies, the last publication to be at least thirty days before the date of sale.    This must be construed to mean that publication must be had for three successive weeks in each paper designated, and that the date of the last publication in each paper must be at least thirty days prior to the sale.

To prove compliance with this section the defendant introduced copies of the records kept by the County Treasurer showing the tenor of the notice published by him and his certificate of publication which in part was as follows:    "I hereby certify that in pursuance of the accompanying advertisement which had been inserted and published in the Farmington Chronicle, a paper published in Franklin County, and a similar advertisement which had been inserted and published in the Kennebec Journal, a paper published in Kennebec County, and designated as the "State Paper," for three successive weeks, the last publication being more than thirty days before the date of sale, I did on the eleventh day of January, A. D. 1908, at the time and place therein set forth expose and offer for sale the several tracts of land therein described," etc.

This certificate, which is the only evidence in the case tending to show compliance with the statutes as to advertising and sale, except the deposition to the effect that the Farmington Chronicle was "printed" in Franklin County, since the recitals in the Treasurer's deed cannot be treated as evidence on this point, *Worthing* v. *Webster,*

45 Maine, 270, 278, *Hatch* v. *Hollingsworth & Whitney Co.*, 113 Maine, 255, 258, while it sets forth that the accompanying advertisement was published in the Farmington Chronicle, it does not state that the accompanying advertisement or one of the same tenor was published in the "State Paper," but only that "a similar" advertisement was published in the "State Paper," which may mean an advertisement substantially or nearly like it; but in what respects it may have differed, whether in some essential or non-essential point and still have been considered "similar" by the County Treasurer does not appear

The word, similar, has in use and according to the lexicographers two distinct meanings, one, "exactly corresponding," "precisely alike"; and the other, "nearly corresponding," "resembling in many respects." Webster's Dictionary. Its two meanings have also been recognized by the court. "The word similar is often used to denote a partial resemblance only. But it is also used to denote sameness in all essential particulars." *Com.* v. *Fontain*, 127 Mass., 452 In which sense was it used here? Must the court by intendment or presumption adopt the one sustaining a forfeiture of the plaintiff's land; or is the burden upon the party relying upon the forfeiture to show that the meaning which will sustain his claim was the one which was in fact intended? We think the burden is on the defendant. There being no presumption in his favor, exact proof is required; and he must show by clear and unambiguous evidence that the advertisement published in the State Paper was in fact exactly the same as that set forth *in haec verba* in his record as published in the Farmington Chronicle, or that it contained all the essential elements required by the statutes. This he has failed to do. Nor does it appear that the proof of these essential facts, if they exist, is not available to defendant.

As proof of strict compliance with the statutes that the notice of the time and place of the sale and the other essential elements of such a notice was published for three successive weeks in the two papers required by law, we think the records of the Treasurer are insufficient to base a forfeiture or a divestiture of title by tax sale upon. *Tolman* v. *Hobbs*, 68 Maine, 316. In other respects there are grave doubts as to the sufficiency of defendant's proof of strict compliance with the statutes in advertising and selling.

It is suggested by defendant's counsel that the same proof offered in this case was accepted as sufficient to validate a sale by a County Treasurer for taxes in *Green* v. *Martin,* supra, but it does not appear that the same proof of the steps taken by the County Treasurer was offered in the case at bar as in the case above refererd to. It was insisted in that case that the records of the Treasurer were not sufficient to comply with the statute, but, as the opinion states, other additional and competent evidence was produced. The only other evidence produced in this case is the deposition of the clerk of the County Commissioners that the Farmington Chronicle was a paper "printed" in Franklin County, but no other evidence is produced to show that the advertisement published in the State Paper contained the essential elements of the notice required by law.

The evidence reported in this case fails to prove that there was a strict compliance with the statutes by the County Treasurer in advertising and selling which must be shown by the defendant before he has made out a prima facie title to this land.

Entry must be:

> *Judgment for plaintiff.*
> *Case to be remanded to court below for*
>   *assessment of damages by the clerk in*
>   *accordance with agreement of parties.*