IDA EVANS,

*vs.*

JOHN JOSEPH.

*New Castle, Apr.* 21, 1926.

*William S. Hilles*, for complainant.

*J. Rankin Davis*, of the firm of Saulsbury, Curley & Davis, and *C. Stewart Lynch*, for defendant.

THE CHANCELLOR. The bill in this case challenges the right of the defendant to place rowboats on what is known as Noxontown millpond and to himself use or rent to others to use said boats for the purpose of rowing over said pond and fishing therein contrary to the wishes of the complainant who alleges herself to be the owner and sole proprietor thereof. The bill alleges that the millpond and the rights and privileges connected with the ownership thereof are of great value to the complainant if her exclusive enjoyment thereof is not interfered with by the defendant in the manner charged by the bill.

The deed under which the complainant claims her title describes the premises conveyed thereby as follows:

"Beginning at a stake on the North edge of Noxontown Mill Pond, a corner for Dickinson's land; thence thereby North one and one-half degrees West thirteen and one-tenth perches to the center of the Public Road from Middletown to Noxontown Mills; thence thereby South eighty-nine degrees East eleven and three-tenths perches to a stake in said Road; thence South seventy-six and one-quarter degrees East twenty-four and five-tenths perches to the Appoquinimink Creek; thence with said Creek and Mill Pond to the place of Beginning, containing two acres more or less. Having thereon erected a two-story frame dwelling, frame grist mill, frame stable and carriage house, and appurtenant thereto the mill dam, mill pond, water rights and privileges whatsoever."

It will be observed that the land described in the deed is not referred to as land covered with water. There is no showing that the defendant has trespassed upon the land particularly described in the deed. All the alleged trespasses, I assume, were on land covered by the waters of the millpond. The size of the pond is not shown. At the argument the statement was made, however, that it is about three miles in length. But this of course is not proved.

The complainant has failed to show any title in her to the bed of the pond, at least to any part thereof over which the defendant is charged with having trespassed. The only claim on the part of the complainant to anything like a title to the bed of the pond rests on that portion of the description in the deed where at the end the following language appears:

"Having thereon erected a two-story frame dwelling, frame grist mill, frame stable and carriage house, and appurtenant thereto the mill dam, mill pond, water rights and privileges whatsoever."

This language, however, is not sufficient to convey the fee-simple title to the land forming the bed of the millpond. *Bartholomew v. Edwards*, 1 *Houst.* 17, 25.

From the evidence before me the paper title to the bed of the pond is lost in obscurity. Who has it, no one appears to be able from an examination of the records to ascertain. The complainant contends, however, that aside from the effect of her deed, she has a good title by adverse possession. The case from 1 *Houston* decides that mere use of the waters of the pond will give no prescriptive title to its bed. The complainant can therefore found nothing in the present connection on that. Nor is her claim that no one has ever been allowed to go on the pond in boats without the

consent of herself or her predecessors in title allowable in this court as showing adverse possession. This is for the reason that the claim is disputed both by the answer and affidavits. The defendant as a tenant of two farms abutting on the pond claims to have been boating and fishing thereon for twenty-six years and to have been renting boats to others for fishing purposes for twenty years or more.

The title to the pond is in serious dispute. So far as the present parties are concerned it rests entirely upon an adverse possession which is emphatically controverted. That being so, the Court of Chancery ought not to interfere until the legal title has been established by an action at law. This is in accordance with established principles.

The rule will be discharged and a preliminary injunction denied. Let an order be entered accordingly.