Antonio Giammatteo,

*vs.*

Paul Penna.

*New Castle, July 20, 1929.*

*William S. Potter*, for complainant.

*E. Ennalls Berl*, of the firm of Ward & Gray, for defendant.

THE CHANCELLOR. The deed of Rettew, Receiver of Taxes, was given in consummation of a sale authorized by law to be made by him for the purpose of enforcement of the payment of taxes. 20 *Laws of Delaware*, *c.* 388. *Section* 20 of the act provides that

> "The deed of any real estate, or any interest therein, sold for the payment of taxes, made and executed by the collector who shall sell the same, shall vest in the purchaser, subject to the right of redemption hereinafter provided, all the estate, right and title of the owner thereof had in and to such real estate at the time said taxes were assessed, free from any interest or encumbrance thereon of any person to whom the notice required by the provisions of this act shall have been given; *and the recitals in such deeds shall be evidence of the facts stated.*"

The deed made by Rettew is in evidence, attached to the bill. Its recitals show the various steps that were taken leading up to the sale. If the steps recited to have been taken were in fact taken, I assume that the sale was entirely regular, for the defendant makes no objection to the title on the ground that the

recitals disclose a defect or fatal omission in the tax sale proceedings.

The sole question therefore before the court is whether or not the recitals may be accepted as sufficient evidence of the facts which they recite. That the recitals in the deed are competent evidence can admit of no doubt in view of the express language of the statute making them such. The purpose of such statutory provision is to obviate the necessity of following the requirement of the common law that in supporting a title under a tax deed it is necessary to show by evidence dehors the deed that the power of sale was properly exercised and that each of the required steps in the proceedings was regularly taken. *Caldwell v. Lord*, 4 *Boyce*, 440, 89 *A*. 132. A statute making the recitals evidence does not constitute an unwarranted exercise of the legislative power. *Rhinehart v. Schuyler*, 2 *Gilman* (7 *Ill.*) 473; *State ex rel. American Sav. Union v. Whittlesey*, 17 *Wash.* 447, 50 *P.* 119; *Turpin v. Lemon*, 187 *U. S.* 60, 23 *S. Ct.* 20, 47 *L. Ed.* 70; *O'Keefe v. Dillenbeck*, 15 *Okl.* 437, 83 *P.* 542; *Thomas v. Lawson*, 21 *How.* 340, 16 *L. Ed.* 82; *Cairo, etc., R. R. Co. v. Parks*, 32 *Ark.* 141; *Burbank v. People*, 90 *Ill.* 555; *Bowman v. Cockrill*, 6 *Kan.* 342; *Pillow v. Roberts*, 13 *How.* 472, 14 *L. Ed.* 228. The effect of the statute is, when the recitals are introduced showing regularity in the proceedings, to relieve the grantee and his successors from supporting the recitals by independent evidence as stated by the court in the case from 4 *Boyce*, and also to shift the burden of proof to the shoulders of him who questions their veracity. *Ward v. Huggins*, 7 *Wash.* 617, 32 *P.* 740, 1015, 36 *P.* 285; *Lacey v. Davis*, 4 *Mich.* 140, 66 *Am. Dec.* 524; *Delaplaine v. Cook*, 7 *Wis.* 44; *Wildharber v. Lunkenheimer*, 128 *Ky.* 344, 108 *S. W.* 327.

Under such a statute as we have here, therefore, the recitals contained in the collector's deed make out a *prima facie* case in favor of the unassailability of the title as properly derived from the tax sale proceedings. A presumptive case arises on the showing of the recitals that all proper and necessary steps were taken leading up to the sale.

The defendant contends that if the presumption is a conclusive one, the statute which undertakes to confer conclusiveness

on it is invalid, and he cites the following cases in support of that contention. *Marx v. Hanthorn*, 148 *U. S.* 172, 13 *S. Ct.* 508, 37 *L. Ed.* 410; *McCready v. Sexton*, 29 *Iowa*, 356, 4 *Am. Rep.* 214; and *Abbott v. Lindenbower*, 42 *Mo.* 162. I have not taken the pains to examine these cases, because the statute found here does not assume to make the presumption a conclusive one. All that it pretends to do is in effect to raise a rebuttable presumption. Statutes that do no more than that are unobjectionable, as before stated.

Now the law being as just stated, there can be no doubt that the complainant is entitled to a decree on the showing here made. The sole evidence before the court is the uncontradicted testimony of the deed's recitals. On that testimony the tax sale was regular in all particulars. If it is true as the defendant's answer says that the collector's records have all been destroyed and it is therefore impossible to verify the truth of the deed's recitals, the converse is true, viz., that no man can ever resort to the records to prove the falsity of the recitals. If the recitals are ever to be overcome it must be by parol testimony. The defendant, however, has not suggested that as a matter of fact the recitals are susceptible of refutation in any of their particulars, either by the lost records or by testimony lying in parol. I do not see how I would be justified in imagining that possibly there may be some way of obtaining proof to overcome the presumption which the evidence in the recitals raises.

The case of *Stowell v. Blanchard*, 122 *Me.* 368, 119 *A.* 866 cited by the defendant, is not in point, for in that case the statute expressly provided that the county treasurer's deed should be supplemented by evidence that the requirements of the statute in advertising and selling had been complied with, and the court very properly held that unless the supplementary evidence was supplied the tax-title could not be sustained.

This is a case where the entire evidence is in favor of the complainant, none whatever being adduced by the defendant to overcome its effect. In such a case the duty of the court, if the case were before a jury, would be to give binding instructions in favor of the plaintiff's title, as was done in the case above cited from 4 *Boyce*. Where that is the situation, a court of equity will

decree specific performance in favor of the complainant. *Rehoboth Heights Development Co. v. Marshall*, 15 *Del. Ch.* 314, 137 *A.* 83; *Brown, et al., v. Davis*, 15 *Del. Ch.* 37, 131 *A.* 142.

Decree accordingly.