## Commonwealth, ex rel. Graham, v. County Commissioners

*Harold F. Mook,* for relator; *S. A. Sisson,* for defendants.

ROSSITER, P. J., April 6, 1932.—This is a petition for a writ of mandamus to compel the county commissioners to insert the word "farmer" on the ballot after or under the name of the complainant.

A mandamus in the alternative form was issued, to which the commissioners filed an answer admitting all the pertinent facts, viz., that McCreary, McCray and McCarty were all candidates on the same ticket for the same office at the coming primaries for nomination, viz., for the office of representative in the legislature, and that they had refused to insert the word "farmer" on the ballot after or under the name of McCreary.

That part of the Act of June 18, 1915, P. L. 1025, 1027, the benefit of which is sought, recites:

"If two or more candidates for the same office shall have the same surname, or similar surnames, the county commissioners shall, upon the request of any of said candidates, filed in writing not later than five days after the last day for filing nomination petitions, print the occupation of any such candidate, so filing a request, on the ballot opposite or under his name."

The legal and lay definitions of the word "similar" do not materially differ.

The dictionaries usually define "similar" as bearing resemblance to one another or to something else; like, but not completely identical; of like characteristics, nature, or degree; of the same scope, order or purpose.

In the law the word is described (58 C. J. 733) :

"Exactly corresponding, resembling in all respects; precisely like; nearly corresponding; resembling in many respects; somewhat like; having a general likeness; homogeneous, uniform."

And in the footnotes:

"Accurately speaking, 'similar' does not mean the same; in fact, it would mean that while it resembled, it was not the same."

"The word is often used to denote a partial resemblance only. But it is also often used to denote sameness in all essential particulars."

"Does not mean identical in form and substance; but having characteristics in common."

In Stowell v. Blanchard, 122 Me. 368, it is defined as meaning exactly corresponding or nearly corresponding.

And in Fletcher v. Interstate Chemical Co., 94 N. J. L. 332, it is said:

"The word 'similar' is generally interpreted to mean that one thing has a resemblance in many respects, nearly corresponds, is somewhat like, or has a general likeness to some other thing, and not to mean identical in form and substance, although in some cases 'similar' may mean 'identical' or 'exactly alike.' "

In The People ex rel. v. Standard Home Co., 59 Colo. 355, it is said that the word "similar" means something like or resembling in many respects.

In Com. v. Fontain, 127 Mass. 452, 454, it is said that "similar" denotes partial resemblance and also sameness in all essential particulars.

In 7 Words and Phrases 6515 (1st series), it is said: "The word 'similar' is often used to denote a partial resemblance only, but it is also often used to denote sameness in all essential particulars."

And in 58 C. J. 733, "similar" is defined as "exactly corresponding; . . . precisely alike; . . . resembling in all respects;" also as "nearly corresponding, resembling in many respects, somewhat like, having a general likeness."

From these definitions and decisions it follows that the word "similar" is used in a dual capacity, one meaning identical and the other resembling; and under this act of assembly we can come to no other conclusion than that the legislature intended to have the word used in the sense of "resembling" instead of "identical," for the act provides that if the candidates "have the same surname, or similar surnames." Hence the words "similar surnames" in the statute do not contemplate that the name should be in all respects the same but are supplemental to the words "same name;" for, if they did mean "identical" or actually the same, the supplemental use of the qualifying words, "similar surnames," would not be necessary. Hence the word was used as intending to embrace names which were alike but not identical. The only question then presented is, while the names McCreary, McCray and McCarty are not identical, are they similar in the sense of resembling one another? In our opinion, there is enough similarity or resemblance in the names possibly to be confusing to some voters and, therefore, it would subserve the purpose of the act of assembly, which is to be liberally and beneficially expounded, to print the occupation of the candidate McCreary on the ballot as prayed for opposite or under his name so as to distinguish it from the other names.

And now, to wit, April 6, 1932, a peremptory mandamus is directed to issue to the above effect.